321 So.2d 791 (1975)
The NORTHWEST INSURANCE CO. et al.
v.
PULMOSAN SAFETY EQUIPMENT CORP. et al.
No. 7090.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
Rudolph R. Schoemann, Carl S. Reis, New Orleans, for the Northwest Ins. Co. and others.
Robert B. Nolan (Adams & Reese), New Orleans, for Gay, Inc.
Jerry L. Saporito (Bernard, Micholet & Cassisa), Metairie, for Head & Engqlist Equipment, Inc.
W. J. Larzelere, Jr. (Lemle, Kelleher, Kohlmeyer & Matthews), New Orleans, for Tiger Equipment & Supply Co., Inc.
Christopher Tompkins, Phelps, Dunbar, Marks, Claverie & Sims (Ronald A. Johnson), New Orleans, for Sandair Corp.
Before REDMANN, GULOTTA and SCHOTT, JJ.
REDMANN, Judge.
An employer and its workmen's compensation insurer, having in and after 1971 paid compensation because of a sandblaster employee's having contracted silicosis, by this 1974 suit demanded reimbursement from the manufacturers and vendors of *792 silicosis-prevention equipment. The suit against the vendors was dismissed as prescribed and plaintiffs appeal.
We affirm. Insofar as supportable on a theory of workmen's compensation indemnity, La.R.S. 23:1101, the demand is tort-subrogation and there is no right to quasi-contractual indemnity against third party tortfeasors; Marquette Casualty Co. v. Brown, 1958, 235 La. 245, 103 So. 2d 269. Insofar as supportable on a theory of breach of contract, because the contract is one of sale the prescription for breach of warranty is one year from the sale, C.C. art. 2534, or from the buyer's discovery of the defect, if the vendor knew or is chargeable with knowledge of the defect, C.C. 2546 (which is not here alleged[1]).
Plaintiffs argue that prescription should not begin to run against them before 1974 because (as alleged by an amended petition) they "did not know what the cause or the aggravation of the . . . silicosis was until" 1974. We reject this argument as patently contradictory of plaintiffs' basic facts. Plaintiffs' demand is based on the actual or implied warranty "that the hoods and/or helmets would protect the wearer from the effects of the sand particles." Yet plaintiffs knew in 1971 that their employee did contract silicosis. Therefore plaintiffs knew in 1971 that the hoods or helmets were defective in that they did not protect the wearer as allegedly warranted. Plaintiffs may have gained additional information in 1974 as to the nature of the defect which caused the equipment's failure, but their knowledge in 1971 of the fact of failure gave them knowledge that the alleged warranty had been breached. Thus even if defendants were charged with knowledge of the defects, C.C. 2546's one year from plaintiffs' discovery of the defect has passed.
Affirmed.
NOTES
[1] But see concurrence of Barham, J., in writ refusal in Peltier v. Seabird Industries, Inc., La.1975, 309 So.2d 343, suggesting that professional vendors should be charged with knowledge of defects.