342 So.2d 1212 (1977)
COTTON STATES CHEMICAL CO., INC, Plaintiff,
v.
LARRISON ENTERPRISES, INC., Defendant-Third-Party Plaintiff-Plaintiff in Reconvention-Appellant,
v.
STAUFFER CHEMICAL CO., Third-Party Defendant-Defendant in Reconvention-Appellee.
No. 13142.
Court of Appeal of Louisiana, Second Circuit.
February 14, 1977.
*1213 Voelker, Ragland, Brackin & Crigler by Frank Voelker, Jr., Lake Providence, for defendant-plaintiff in reconvention-third party plaintiff-appellant, Larrison Enterprises, Inc.
Sanders, Downing, Kean & Cazedessus by William R. D'Armond, Baton Rouge, for third party defendant-defendant in reconvention-appellee, Stauffer Chemical Co.
Before BOLIN, HALL and MARVIN, JJ.
MARVIN, Judge.
A purchaser was sued on an open account by a seller. The purchaser then brought against the manufacturer of the product sold, third party and reconventional demands, founded upon the implied warranty imposed on the manufacturer by the Civil Code and the case law of Louisiana. These demands were dismissed below on an exception of one-year liberative prescription. The purchaser appeals. We affirm in part and reverse in part.
The purchaser here did not contract with the manufacturer, but purchased from the seller upon representations of a distributor (other than the manufacturer) of the product (a liquid herbicide). Application of the herbicide to the purchaser's rice fields failed to produce the result allegedly represented and the purchaser claims damages for a diminished crop yield. The sale of the herbicide and the alleged failure of the result of its application occurred more than one year before this litigation arose.
Essentially, the purchaser seeks to place the manufacturer in the category of a seller who has practiced a fraud upon the buyer as contemplated by C.C. Art. 2547. This article reads in part:
"A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud . . ."
The purchaser argues that the manufacturer should be placed in this category because he is legally a "bad faith seller," conclusively presumed to know the vices of the thing he makes.
With the manufacturer in the category of the seller, the argument continues, the purchaser may assert the nullity of the contract induced by fraud within the five-year liberative prescriptive period provided by C.C. Art. 3542 and may also claim damages under C.C. Art. 2547. The purchaser's astute and able counsel does not stop here, but further contends that the manufacturer "breached a special obligation contractually assumed . . ."[1] and ". . . in addition to having . . . the five year right to sue for rescission . . . [the purchaser] may very well have the ten year right to assert the breach of a special obligation." (C.C. Art. 3544). Counsel's effort to overcome the one-year prescriptive limitation is commendably ingenious, but in our opinion, paralogistic.
*1214 The rice farmer-purchaser is Larrison Enterprises, Inc. Seller is original plaintiff, Cotton States Chemical Company, Inc. Manufacturer is Stauffer Chemical Company. The herbicide is liquid Ordram. A distributor of liquid Ordram is Tide Products, Inc. Corporate designations are hereafter omitted.
The pertinent allegations of Larrison are these: Prior to June, 1973, Larrison made periodic applications during the crop year of solid Ordram in pellet form to control the growth of grass in its rice fields. On June 22, 1973, employees of the distributor represented to Larrison that liquid Ordram could be applied aerially and less frequently with similar results. Larrison purchased a quantity of liquid Ordram and used it in the suggested manner. Larrison later learned after the grass got out of control that much of liquid Ordram, when aerially sprayed, does not reach the water or soil where it is necessary for the herbicide to contract in sufficient concentration, the root growth of grass seedlings.
The diminished crop yield was caused by the representation that liquid Ordram applied aerially would successfully deter grass growth. The petition alleges in detail factual representations of employees of Tide Products to Larrison. The record (pleadings, interrogatories and answers) does not reflect any suggestion that Stauffer made any representations directly to Larrison. The petition does allege, but as a general conclusion in our opinion, that misrepresentations were made by representatives of Cotton States, Tide Products and Stauffer.[2] Larrison's factual allegations relate primarily to liquid Ordram being ineffective when aerially applied in the manner suggested by the distributor's employees. Larrison's allegations also establish it was a Cotton States representative who told Larrison that the aerial application of liquid Ordram was not effective.
Similar contentions were made in Steely v. Gerber Products Company, 299 So.2d 529 (La.App.4th Cir. 1974). Plaintiff there argued that the manufacturer of baby food, under its "obligation of warranty" of wholesomeness, was not subject to the one-year prescriptive limitation for redhibition or tort, but to the ten-year prescription applicable to quasi-contract. C.C. Art. 2293. Plaintiff there relied on Le Blanc v. Louisiana Coca Cola Bottling Company, 221 La. 919, 60 So.2d 873, 875 (1952). The court answered:

"Le Blanc's `warranty' is not an obligation but a representation, since it is a warranty one `is entitled to rely on', 60 So.2d at 875. Le Blanc does not support plaintiff's quasi-contract theory." 299 So.2d 530.
C.C. Art. 2529 reads in part, that ". . . a declaration [or representation] made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition. . ." Every false representation does not fall into the category of fraud.
C.C. Art. 1847 tells us that fraud, when applied to contracts, is a material error, ". . . created or continued by artifice, with design to obtain some unjust advantages . . ." This is the fraud contemplated by C.C. Art. 2547 ("A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess . . ."). The essence of fraud is an intent or design in the mind of the one practicing the artified to defraud another or to gain some unjust advantage. Buxton v. McKendrick, 223 La. 62, 64 So.2d 844 (1953).
In the sale of any product, the implicit or explicit representation or declaration is made that the product possesses the requisite fitness or wholesomeness for the purpose it is marketed. An action for damages, whether arising from redhibitory vices (Art. 2534, Art. 2546), or arising from an offense or quasi-offense (Art. 3536), must be brought in one year. Stelly, supra, *1215 at page 532. Even in cases where the seller (and the manufacturer, by presumption) had knowledge of the redhibitory defect but failed to declare it, the consumer must bring his action within one year following his discovery of the defect. Rey v. Cuccia, 298 So.2d 840 (La.1974).
Walton v. Katz & Besthoff, Inc., 77 So.2d 563 (La.App.1955), presented express warranties in advertisements and in verbal declarations that the seller's paint was 100 percent mildew resistant. The paint proved ineffective. The court applied the one-year prescriptive limitation to a purchaser's claim for damages.
"Ordinarily, . . . the prescription applicable for damages caused by a breach of contract is not one year prescription, but is rather the ten year prescription. . . However, unlike damages for other contractual breaches, damages caused by breach of the warranty in a contract of sale are . . . subject instead to the cited codal prescription of one year . . . [citations omitted]." Crowley Grain Drier, Inc. v. Fontenot, 132 So.2d 573 (La.App.3d Cir. 1961).
Under C.C. Art. 2503, the purchaser is subrogated to the seller's rights and actions in warranty against the manufacturer. See Stelly, supra, at page 532; 14 Tulane L.R. 470; 23 Tulane L.R. 140. But as was said in Stelly (p. 532), and we paraphrase and interpolate,
Prior to Larrison's purchase of the allegedly defective liquid Ordram, Stauffer had no obligation toward Larrison other than the general duty not to harm. No quasi-contractual obligation arose from Stauffer's manufacturing liquid Ordram. The purchase by Larrison from Cotton States brought about certain contractual obligations including subrogation. The use of the product, assuming the alleged damage, brought an obligation upon Stauffer to repair the damage caused by Stauffer's wrongful act. But both the latter delictual action and the former contractual action prescribe by the passage of more than one year.
Larrison cites Kearney v. Maloney, 296 So.2d 865 (La.App.4th Cir. 1973), as authority for the proposition that the purchaser may maintain an action in nullity against a non-seller manufacturer. In Kearney, Maloney sold a defective house to Kearney more than one year before the suit was instigated. The sale was financed by Dryades Savings & Loan Association and negotiations were eventually consummated by Smith, a realtor. Suit was brought against these three defendants. The court summarized its holding or original hearing:
"We held:
"1. Plaintiffs' suit against Hardy Maloney sounding in redhibition had prescribed under LSA-C.C. art. 2534. Plaintiffs' petition also set forth an action in nullity seeking avoidance of a contract because of error induced by fraud. The nullity action has not prescribed and this aspect of plaintiffs' claim against the vendor Maloney is viable." 296 So.2d 869.
On rehearing, the court said:
"Plaintiffs concede it is essential for us to find a contractual relationship between either or both of these defendants to defeat their respective pleas of prescription. As to the homestead, clearly there is none. No obligation devolves on the lender from any contract between it and the borrower to inspect the premises for soundness. Plaintiffs' suit against the lender is ex delicto and on the face of the pleadings, it had prescribed." 296 So.2d 869.
"It is clear from the quoted allegation on which the plaintiffs' claim is based the damages allegedly due flow from a breach of a duty owed to the public at large. Until the buyer-seller agreement was signed by the purchaser, the realtor did not become his agent for any purpose. Accordingly the plea of prescription urged by Smith is valid.
"For the reasons assigned, the original decree of this court is recalled and it is now ordered, adjudged and decreed that the judgment of the trial court is affirmed insofar as it maintains the plea of *1216 prescription of Dryades Building and Loan Association and of James H. Smith and insofar as it dismisses plaintiffs' suit against them. It is further ordered that the judgment maintaining the plea of prescription urged by defendant Hardy Maloney is reversed and this matter is remanded to the trial court for further proceedings . . ." 296 So.2d 870.
Kearney is not authority for the proposition urged by Larrison.
The prayer of Larrison's pleading seeks
(1) rejection of the open account demands against Larrison; (2) judgment against the third party defendants (Tide Products and Stauffer) in the event judgment is awarded against Larrison on the main demand; and (3) a money judgment for $133,000 (the amount Larrison itemized as its loss in its allegations). Larrison does not seek in its prayer or its allegations, the nullity of any contract against any adverse party.
C.C.P. Art. 1111 provides in part:
"The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
"In such cases the plaintiff in the principal action may assert any demand against the third party defendant arising out of or connected with the principal demand. . ."
Larrison's third party demand against Stauffer, founded upon Stauffer's manufacturer's warranty, is proper. Motors Securities Company v. Hines, 85 So.2d 321 (La.App.2d Cir. 1956).
In LeBlanc v. Big Jim's, Inc., 252 So.2d 181 (La.App.3d Cir. 1971), a purchaser of a mobile home sued the seller in redhibition. The seller filed a third party demand against the manufacturer for indemnity, alleging redhibitory vices in the mobile home and the manufacturer's express and implied warranty. The lower court dismissed the third party demand on an exception of one-year prescription. The appeals court reversed, stating:
"In the instant case [the seller] is seeking in indemnity from [the manufacturer]. It is not [suing] and cannot sue [the manufacturer] in redhibition for the reason that it has no longer title to the mobile home, having sold it to plaintiff in the main demand. It cannot tender the property to [the manufacturer]. It is actually attempting to protect [the manufacturer] by defending the action. If [the seller] is successful in its defense, [the manufacturer] is absolved of liability. In Edward Levy Metals, Inc., supra, the court said that prescription does not run against a party seeking indemnification until it has been cast, and in that case as in the instant case, appellant has not been cast in judgment.
"We are of the opinion that in view of Edward Levy Metals, Inc., supra, and the cases cited therein, the ten year prescriptive period is applicable, and the plea of [one year] prescription is overruled." 252 So.2d 183, 184.
In the instant case, Stauffer is not in a position where it can be said that it may be liable to Larrison for all or any part of the purchase price of the liquid Ordram (the second disjunctive category of C.C.P. 1111), but Stauffer is, under our law, a warrantor (the first category of C.C.P. 1111), and is subject to the third party demand.
"In view of the plain legislative intention, we must construe the Third-Party Practice Act, . . . to permit the defendant herein to implead as third-party defendant the vendor of the automobile to him, who is both his warrantor (on the implied personal warranty in the sale of the automobile) and who is also liable over to the present defendant for any judgment recovered against the latter by the present plaintiffthat is, of course, if the allegations of his petition against the third-party defendant as to the defective nature of the automobile are true." Automotive Finance Company v. Daigle, 80 So.2d 579, 582 (La.App. 1st Cir. 1955).
The exception of one-year liberative prescription to Larrison's reconventional demand *1217 for its damage of loss as against Stauffer was correctly sustained below.
Larrison's third party (indemnity) demand for judgment over and against Stauffer (its warrantor) has not prescribed. Judgment sustaining the exception of prescription and dismissing the third party (indemnity) demand against Stauffer is reversed. Judgment sustaining the exception of prescription and dismissing Larrison's reconventional demand for damages is affirmed.
Appellate costs are assessed one-half against each litigant.
NOTES
[1] This language comes from Davis v. Le Blanc, 149 So.2d 252, 255 (La.App.3d Cir. 1963). The defendant there was the seller, not the manufacturer. The complete sentence in which the quoted language is contained reads: "Essentially, plaintiffs were awarded judgment because of the defendant's violation of certain special obligations assumed by him as a result of his entering into a contract of sale, although the defendant's conduct may have violated also a general duty owed by him to the plaintiffs."
[2] See C.C.P. Art. 856. Mere conclusions of the pleader alleging fraud in general way, unaccompanied by factual allegations, do not satisfy the particularity requirement of this article. Rozas v. Evangeline Parish Police Jury, 214 So.2d 398 (La.App.3d Cir. 1968).