345 So.2d 166 (1977)
M. A. BLALOCK and Boyce McConathy Blalock, Plaintiffs-Appellants,
v.
AMERICAN EMPLOYERS INSURANCE COMPANY et al., Defendants-Appellees.
No. 13161.
Court of Appeal of Louisiana, Second Circuit.
March 21, 1977.
Rehearing Denied April 25, 1977.
Writ Refused June 8, 1977.
*167 Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for plaintiffs-appellants.
Hudson, Potts & Berstein by Jesse D. McDonald, Monroe, for defendants-appellees.
Before BOLIN, MARVIN and JONES, JJ.
En Banc. Rehearing Denied April 25, 1977.
BOLIN, Judge.
The trial court held that an action for damages against a manufacturer-retailer of an air-conditioning unit which malfunctioned, causing fire damage to plaintiffs' residence, prescribed in one year from the date plaintiffs had actual or constructive knowledge that the unit was defective. We affirm this ruling.
Plaintiffs' residence was damaged by fire on September 29, 1972, and they sued their fire insurer on September 14, 1973. The insurer filed a third party demand against Sears, Roebuck & Company on February 1, 1974, alleging the fire was caused by a defective air-conditioning unit manufactured and sold by Sears to plaintiffs.
Subsequently plaintiffs compromised and settled the claim against their insurer and on September 16, 1974 plaintiffs amended their original petition to name Sears as a defendant. In response to the demands of plaintiffs and of the third-party plaintiff, Sears filed a plea of prescription of one year. From judgment sustaining the prescriptive plea and rejecting the demands of all parties, only original plaintiffs appeal.
We find the trial judge was correct in finding the applicable prescriptive period to be one year rather than ten years for breach of contract. In their amended petition plaintiffs alleged that the fire was caused by a defective air-conditioning unit purchased by plaintiffs from Sears, and that the existence of this defect constituted a breach of the implied warranty of merchantability from Sears to plaintiff purchasers. Plaintiffs' action against Sears lies in redhibition and is governed by the one year prescriptive period provided in Louisiana Civil Code Article 2534. Crowley Grain Drier, Inc. v. Fontenot, 132 So.2d 573 (La.App. 3d Cir., 1961); Rey v. Cuccia, 298 So.2d 840 (La.1974); Stelly v. Gerber Products Co., 299 So.2d 529 (La.App. 4th Cir., 1974); Cotton States Chemical Co., Inc. v. Larrison Enterprises, Inc., 342 So.2d 1212 (La.App. 2d Cir., 1977).
Sears, as manufacturer of the airconditioning unit, was presumed to know of any defect in the unit. Weber v. Fidelity & Casualty Insurance Co. of New York, 259 La. 599, 250 So.2d 754 (1971) and cases cited. Therefore, the prescriptive period did not begin to run until the defect was discovered by plaintiffs. Rey v. Cuccia, supra; La. Civil Code Articles 2534 and 2546. The type of knowledge that is required to begin the running of prescription is discussed in Cartwright v. Chrysler Corp., 255 La. 598, 232 So.2d 285 (1970):
. . [I]t is not necessary that the party have actual knowledge of the conditions as long as there is "constructive notice." *168 Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of every thing to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription.
The trial court found the occurrence of the fire constituted notice to plaintiffs of the alleged defect in the air-conditioning unit sufficient to commence running of the one year prescriptive period. This finding is amply supported by the evidence. Therefore, the one year period began to run from the date of the fire and expired prior to the date plaintiffs initiated their claim against Sears.
The judgment is affirmed. Appellants are assessed with the cost of this appeal.