BOUTALL, Judge.
This appeal arises from a judgment of the trial court which maintained the defendant’s exception of prescription dismissing the plaintiff’s suit in redhibition.
A suit in redhibition was filed by the plaintiffs, Ina and Calvin Thompson, against the defendant Guy Leefe, Jr. in Civil District Court in Orleans Parish. Pursuant to LSA R.S. 13:1171(C) this matter was transferred to the Commissioner for that court who made findings of fact with which we agree. On November 5, 1975 the plaintiffs purchased a house located at 1677 Pace Boulevard in New Orleans from the defendant. At the time of the sale there were no apparent defects in the home as established by the testimony of the CAB appraiser and the plaintiffs. Some 3 months after the sale, in the time period of January through March of 1976, the plaintiffs noticed large cracks in the walls on the exterior of the house and in the sheetrock inside the premises. Over the course of the next four months the Thompsons were unable to obtain any action from Leefe and ultimately secured an estimate for the repairs from a contractor in November of 1976. Thereafter no action was taken until August 8, 1977 when a suit in redhibition was filed by the plaintiffs against the defendant seeking a rescission of the sale and the recovery of the purchase price and damages for mental anguish. Following the close of the plaintiff’s case at trial, the defendant requested that the Commissioner maintain an exception of prescription as to the redhibition claim. This exception was sustained by the Commissioner dismissing the plaintiff’s claim. Upon review by the Civil District Court the judgment of the Commissioner was maintained. This appeal by plaintiffs followed.
After conducting a review of the record before us we find that the factual findings made by the Commissioner and maintained by the district court contain no manifest error. The law governing prescription of an action in redhibition is well settled. Under the law of sales the prescription period for breach of warranty is one year from the date of the sale or from the buyer’s discovery of the defect if the vendor knew or is chargeable with the knowledge of the defect. Louisiana Civil Code Articles 2534, 2546; Northwest Ins. Co. v. Pulmosan Safety Equipment Corp., 321 So.2d 791 (La.App. 4th Cir. 1975). In the case before us the plaintiffs gained knowledge of the vice or defect in their home in the form of cracking walls between January and March of 1976.[1] An action in redhibition was not brought by them until 1 year and 5 months later. Therefore, the action in redhibition brought by them had prescribed.
The judgment is affirmed.

AFFIRMED.

. The interpretation made by the Commissioner of Hill v. John L. Crosby, Inc., 353 So.2d 421 (La.App. 4th Cir. 1977) was an accurate one. We agree with this refusal to apply the theory used in that case to this proceeding. Hence, the plaintiffs had notice of the defect in their home when they first discovered the cracks some time in the early part of 1976 and not in November of 1976 when they secured an estimate of the cost of repairs of the defect.