## In re SIGMA SERVICES CORPORATION, Debtor.

## SIGMA SERVICES CORPORATION, Plaintiff,

v.

## CAPITAL MACK–GMC, INC.; General Motors Corp.; and Detroit Diesel Allison Division, a Division of General Motors Corporation, Defendants.

### Bankruptcy No. 80–00433.
### Adv. No. 81–0055.

United States Bankruptcy Court, M. D. Louisiana.

Nov. 5, 1981.

---

Michael Perry, Baton Rouge, La., for plaintiff.

Henry D. Salassi, Jr. Baton Rouge, La., for defendant.

## REASONS FOR JUDGMENT

A. LEON HEBERT, Bankruptcy Judge.

The motion of the defendants General Motors Corporation and Detroit Diesel Allison Division, Division of General Motors Corporation, seeking dismissal of the complaint against them or, alternatively, for a partial summary judgment dismissing the portion of the complaint requesting consequential damages was heard on the 27th day of October, 1981.

Counsel for the defendants made the contention, and the record reflects, that the object of a sale made to the plaintiff performed satisfactorily until twenty months had lapsed after the date of sale. Counsel for the defendants also urged that plaintiff's action is one seeking redhibition and is barred by prescription under the provisions of Civil Code Article 2534, since the plaintiff failed to bring the action within one

year from the date of sale. Accordingly, counsel for the defendants urged this Court to dismiss the complaint.

Counsel for the plaintiff stressed in argument the allegation that in normal use a heavy-duty truck, the object of the sale herein, would not have developed a defect which would cause the head gasket on the truck to blow; consequently, as counsel argued, the alleged defect must have existed at the time of sale. Counsel articulated the proposition that prescription did not begin to run against the plaintiff until the alleged defect was discovered by the plaintiff, or in this case sometime during the twentieth month after the date of sale. Plaintiff's counsel suggested that certain representations made by the defendants may have interrupted the prescriptive period once the period began, and that the action in redhibition against the defendants was timely filed because of the interruption.

Plaintiff's counsel suggested that the defendants have "lulled the plaintiff into a sense of security" through the conduct of the defendants and through various letters and other communications by the defendants to the plaintiff. There is, however, no affidavit before this Court to corroborate counsel's suggestions. Additionally, there are no depositions or other documents which may have existed as a result of discovery before this Court.

Redhibition, by its very definition set forth in Civil Code Article 2520, is

"the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."

L.S.A.–C.C art. 2520. It is evident that this plaintiff is, in part, seeking its right to redhibition against these defendants. Upon proof of a redhibitory defect, this plaintiff-purchaser would ordinarily be entitled to annul the sale and recover from a seller who did not have knowledge of any defect the purchase price. *See* L.S.A.–C.C. art. 2531.

The Court must note, however, that in this instance these defendants are the manufacturers of the thing sold to the plaintiff. It is a well established rule of jurisprudence in Louisiana that a manufacturer is *presumed* to know the vices of the things he sells and actual knowledge is not required. *Dixon Enterprises, Inc. v. Restaurant Products, Inc.*, 389 So.2d 859, 863 (La.App., 4th Cir., 1980). In a case such as this, where a manufacturer is a defendant, the law in Louisiana is clear that the manufacturer can never be in good faith if a defect exist at the time of sale. *Associates Financial Services Company, Inc. v. Ryan*, 382 So.2d 215, 220 (La.App., 3rd Cir., 1980). Succinctly, the reliance placed upon Civil Code Article 2534 by counsel for the defendants in this instance is misplaced.

This Court, instead, must apply the context of Civil Code Article 2546, which reads in pertinent part that

"Art. 2546. In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice."

"The discovery is not to be presumed; it must be proved by the seller."

L.S.A.–C.C. art. 2546 (emphasis added). In view of the fact that these defendants are manufacturers presumed under applicable law to have knowledge of any vice or defect in a thing sold, this Court must hold that in this instance prescription did not begin to run until the plaintiff discovered an alleged defect. *Rey v. Cuccia*, 298 So.2d 840, 845 (La., 1974); *See Blalock v. American Emp. Ins. Co.*, 345 So.2d 166 (La.App., 2nd Cir., 1977), *writ denied* La., 346 So.2d 221.

Focus must be placed upon the lack of uncontroverted facts sufficient for the determination by this Court of exactly when, if at all, prescription began to run. Assuming, arguendo, that prescription began to run against the plaintiff herein, this Court must ascertain whether prescription was then interrupted by any conduct or communications of the defendants, and whether prescription, despite interruption, still bars the plaintiff's action herein. Fi-

nally, assuming that prescription does not bar the plaintiff's claim, a determination must be made whether the alleged defect existed at the time of the sale, so as to allow the plaintiff the right to redhibition. All of the determinations aforementioned cannot be made without adequate fact-finding.

■ Plaintiff's counsel suggested to this Court that a presumption exists that the defect alleged to have rendered the thing sold unfit for normal use existed at the time of sale. Generally, if a defect in a thing appears within three days following the sale, a presumption in favor of the buyer arises that the defect had existed before the sale. L.S.A.–C.C. art. 2537. Where, however, the defect appears more than three days after the sale, but within a reasonable time after the thing is put into normal use, only a reasonable inference that the defect existed at the time the sale was made will arise in favor of the buyer. *Andries v. Nelson*, 46 So.2d 333 (La.App., 1st Cir., 1950). In the instant case, the alleged defect is said to have appeared twenty months after the thing sold was put into normal use. Whether twenty months is a reasonable time under the circumstances is a matter of fact which, combined with the fact of discovery of the defect by the plaintiff, must await the province of the fact-finder at trial.

■ Finally, not to be disregarded is the allegation that prescription was interrupted by alleged conduct and communications of the defendants which affected the plaintiff. It appears from the record that the plaintiff's claim in redhibition would be barred as untimely filed but for any interruption of the prescriptive period, assuming that prescription began to run against the plaintiff during the twentieth month following the date of sale. Louisiana law is clear that once a seller attempts to remedy or repair a defect, prescription would be interrupted until the seller abandons his attempt to repair the defect. *Sweeney v. Vindale Corp.*, 574 F.2d 1296 (5th Cir., 1978); *System Fuels, Inc. v. Bethlehem Steel Corp.*, 645 F.2d 469 (5th Cir. 1981). Interruption

of prescription also will occur when there has been verbal or written communication which would reasonably lead a buyer to believe that the defects complained of would be remedied. *Weaver v. Fleetwood Homes of Mississippi, Inc.*, 327 So.2d 172 (La.App., 3rd Cir., 1976); *Sweeney v. Vindale Corp., supra.* Again, however, there are no documents which corroborate counsel's suggestions that there was any such conduct or communications which may have affected the plaintiff's state of mind, or to what extent, if any, the plaintiff's state of mind was so affected.

The United States Fifth Circuit Court of Appeals, through Judge Wisdom in *Croley v. Matson Navigation Company*, 434 F.2d 73 (5th Cir., 1970), rehearing denied 5 Cir., 439 F.2d 788, has held that

"... The court should be cautious in granting a motion for summary judgment when resolution of the dispositive issue requires a determination of state of mind. Much depends upon the credibility of the witnesses testifying as to their own states of mind. In these circumstances the jury should be given an opportunity to observe the demeanor, during direct and cross-examination, of the witnesses whose states of minds are at issue."

*Croley v. Matson Navigation Company, supra* at 77. Without evidence before this Court as to the plaintiff's state of mind, this Court is unable to ascertain whether any prescriptive period was interrupted.

Succinctly, the allegations of the plaintiff sufficiently state a claim against the defendants in redhibition; however, because there are controverted facts still at issue, summary judgment must be denied. Additionally, as a matter of law, consequential damages are proper, if provable, against these defendants under the authority of Civil Code Article 2545. Counsel for the defendants will have other opportunities to renew a request for summary judgment or to request a directed verdict, should the facts develop in favor of the defendants' arguments. Without those facts, however, this Court must deny defendants' motion

for partial summary judgment, and an Order denying defendants' motions to dismiss and for partial summary judgment will be signed accordingly.