CUTRER, Judge.
The plaintiff, Vince Castille, appeals the judgment of the City Court for the City of Lake Charles and Ward 3, of Calcasieu Parish, dismissing the suit against Wilson Motor Company, Inc. (Wilson Motors) and General Motors Corporation (General Motors) for a reduction of the purchase price of a new 1979 Oldsmobile Cutlass. We affirm.
The only testimony presented at trial was that of the plaintiff. He testified that he purchased the car from Wilson Motors on February 28, 1979. Within a week he noticed a noise in the transmission. The transmission would hesitate or jerk as it went through its procedure of shifting. He returned it to Wilson Motors for repairs. Following this repair, the condition did not improve. He stated that the condition continued to exist and that he returned it to Wilson Motors numerous times for repair. Wilson Motors did not alleviate the problem. The last time he took it to Wilson Motors for the transmission problem was on December 28, 1979. After this attempt to repair, the condition was not remedied.
As to the situation after December 28, 1979, Castille testified as follows:

“Q. Oh, now, after December the 29th of 1979, did you continue to have these problems with your transmission?

“A. Yes sir, I did.

“Q. So, it’s been a continuous thing, even after December the 28th of 1979 .. . uh . . . you had . . . you continued to have problems of the same nature that you were complaining before?

“A. Yes sir.

“Q. What did you do about it?

‘A. Nothing.

“Q. Did you do anything about it? Did you take it back to Wilsons? Did you take it to any other repair shop? Did you ... uh ... or did you just keep on driving the car?

‘A. Figured since the ... uh ... Wilson Oldsmobile service department could not fix it, then who could? So, nothing was done about it.

“Q. But you didn’t take it to any other mechanic to see what they thought about it, is that correct?

“A. No sir, I trusted the service department where I bought the car.”

The plaintiff continued to drive the car even though the transmission problems persisted. On October 13,1980, plaintiff drove from Lake Charles to Baton Rouge. As he was driving around Baton Rouge, he noticed the noise getting louder and that it began to shift into first gear “a lot harder” than it had done before. It was also hesitating as it shifted into the higher gears. With the increase in noise and hesitation, the transmission failed completely. The car was not driveable.
The plaintiff had the transmission repaired by Aamco Transmission Company of Baton Rouge. This company installed a rebuilt transmission in the car for the sum of $705.02.
*97 After amicable demand was made without results, plaintiff filed suit seeking a reduction in price for the cost of the repair of the transmission, damages and attorney’s fees. By answer, Wilson Motors and General Motors denied liability and pleaded prescription of one year. The trial judge gave oral reasons for judgment of dismissal concluding that plaintiff’s action had prescribed.
Plaintiff, on appeal, urges several assignments of error but we shall only discuss the issue of prescription as our conclusion on this issue disposes of the suit.
LSA-C.C. art. 2534 provides, in part, as follows:

“The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.”

The jurisprudence is settled, however, that in the event the seller attempts to remedy a defect in the object sold, the one year prescription of art. 2534 begins to run only from the time the seller abandons his attempts to repair the defect. Kennedy v. Vidalia Home Service, Inc., 256 So.2d 827 (La.App. 3rd Cir. 1972).
In the case at hand, the plaintiff stated that the last repairs were made by Wilson Motors on December 28, 1979. The defective condition of the transmission continued thereafter, but he did not return it to Wilson Motors for further repairs. The condition of the transmission finally culminated in its complete failure on October 13, 1980. Suit was filed on March 28,1981, which was approximately one year and three months after the last repairs were made by Wilson Motors on December 28, 1979. Plaintiff’s suit for redhibition had clearly prescribed.
Plaintiff contends that his suit was timely filed as prescription did not begin to run until the failure occurred on October 13,1980. We disagree with this contention. The failure of October 13, 1980 was the culmination of a long period of transmission problems beginning one week after the purchase in February 1979. The noise, hesitation and jerking of the transmission began at that time and, by plaintiff’s own testimony, continued until October 13, 1980. On that date the noise and hesitation or jerking increased in severity resulting in the failure. This being the only testimony in the record, we can come to no other conclusion other than the plaintiff was put on sufficient notice that a defect existed in the transmission when the hesitation and noise first began, one week following purchase. The condition persisted and continued up and until the ultimate failure on October 13,1980. Prescription began to run December 28, 1979, the last repair performed by Wilson Motors, and not on October 13,1980.
For these reasons, the judgment of the City Court of the City of Lake Charles and Ward 3 of Calcasieu Parish, is affirmed. The plaintiff-appellant is to pay all costs of this appeal.
AFFIRMED.