FORET, Judge.
Frank Melancon (Plaintiff) appeals from a judgment of the trial court, sustaining defendants’ peremptory exceptions of prescription. We affirm.
Named defendants are George Gennuso Oil Company, Inc. (Gennuso) and Continental Oil Company (CONOCO).
FACTS
Plaintiff filed this product liability suit on March 21, 1980, alleging that transmission fluid, sold to him by Gennuso and manufactured by CONOCO, had damaged farm equipment owned by him. Plaintiff' sought to recover damages for sums expended by him in repairing his equipment, and for damages sustained to crops which he was unable to properly cultivate while his equipment was being repaired. Defendants denied any liability to plaintiff for the harm he suffered and filed a peremptory exception of prescription.
PRESCRIPTION
Plaintiff argues that the trial court committed manifest error in sustaining defendants’ peremptory exceptions of prescription. In essence, he argues that he did not become aware of the defective nature of the transmission fluid until April of 1979, and that he instituted this action within one year from that date.
The evidence shows that plaintiff purchased a 55-gallon drum of CONOCO’s Power-Tran II from Gennuso in May of 1978. He then changed the fluid in the transmissions and hydraulic systems of four of his tractors using the fluid he had recently purchased. Plaintiff immediately began to experience problems with his tractors. The differentials froze and the hydraulic systems failed to function in the proper manner. Plaintiff had to place his tractors in the repair shop for approximately one month and was unable to properly cultivate his crops during this time. Plaintiff began to suspect that there was something wrong with the fluid used in his tractors, when the fourth one broke down in late July of 1978.
It was shortly after his fourth tractor broke down that plaintiff contacted Gennu-so and asked him to send CONOCO’s field representative to take a sample of the fluid he had used for analysis. Emile LeBlanc, CONOCO’s field representative, went to the shop where plaintiff’s tractors were being repaired and took a sample of fluid, which had allegedly been drained from one of plaintiff’s tractors. LeBlanc immediately noticed that the fluid’s color was abnormal, and a spot check performed by him confirmed the presence of moisture in the fluid. All of this was done with plaintiff present. The sample was then sent to CO-NOCO’s laboratory for further testing. Meanwhile, plaintiff also sent a sample of the fluid to an independent laboratory for testing.
Plaintiff admitted that he either received the CONOCO report regarding the testing of the fluid sample, or was informed of its contents, in September of 1978. That report states:
*1253 “ALL TESTS INDICATE THIS CONO-CO POWER-TRAN II FLUID HAS BEEN MIXED WITH A LIGHTER OIL OF A DIFFERENT TYPE, POSSIBLY NON-ADDITIVE. INFRARED, VISCOSITY, & ADDITIVE CONTENT ALL SHOW THE PRESENCE OF THIS LIGHTER OIL. WEAR METALS ARE ONLY MODERATE AND DIRT IS LOW. HOWEVER, 0.8 PERCENT WATER WAS FOUND. THIS SAMPLE DEFINITELY DID NOT FOAM, EITHER UNDER ASTM TEST CONDITIONS OR AT INCREASED TEMPERATURES.”
The cover letter accompanying the report stated:
“Since CONOCO Power-Tran II fluid was contaminated by a mixture, mechanical problems can be expected.”
The report from the independent testing laboratory contained essentially the same information as the CONOCO report. It is apparent that plaintiff knew that the fluid he had purchased from Gennuso in May of 1978 was defective, when he received these two reports in late 1978.
The crucial issues for our determination are: when did prescription begin to run against plaintiffs product liability claim, and whether his claim has prescribed.
Plaintiff bases his claim against defendants on breach of warranty and negligence.
Actions based on a breach of warranty against defects are to be brought in redhibition instead of as a breach of contract. Unlike damages for other contractual breaches, damages caused by a breach of the warranty in a contract of sale are regarded as founded upon redhibition and subject instead to the prescription applicable to redhibitory actions. See Molbert Brothers Poultry & Egg Company v. Montgomery, 261 So.2d 311 (La.App. 3 Cir.1972), writ denied, 262 La. 306, 263 So.2d 46 (1972), and authorities cited therein.
Under the law of sales, the prescription period for breach of warranty is one year from the date of the sale or from the buyer’s discovery of the defect if the vendor knew or is chargeable with the knowledge of the defect. LSA-C.C. Articles 2534, 2546; Thompson v. Leefe, 399 So.2d 1302 (La.App. 4 Cir.1981); Northwest Insurance Co. v. Pulmosan Safety Equipment Corp., 321 So.2d 791 (La.App. 4 Cir.1975).
There is no evidence whatsoever to show that Gennuso (the vendor of the fluid) had any knowledge of any defect existing in the fluid. Thus, the prescriptive period applicable to plaintiff’s claim against Gen-nuso for breach of warranty began to run from the date of the sale in May of 1978. Plaintiff failed to institute this action until approximately two years had elapsed from the date of sale and his cause of action against Gennuso for breach of warranty has prescribed.
A somewhat different situation obtains with respect to plaintiff’s claim against CONOCO for breach of warranty. CONOCO, as manufacturer of the fluid, was presumed to know of any defect in that substance. See Weber v. Fidelity & Casualty Ins. Co. of New York, 259 La. 599, 250 So.2d 754 (1971); Blalock v. American Employers Insurance Co., 345 So.2d 166 (La. App. 2 Cir.1977), writ denied, 346 So.2d 221 (La.1977).
Rey v. Cuccia, 298 So.2d 840 (La.1974), held, on page 845, that:
“The consumer’s action is enforceable against the manufacturer at the same time and at least within the same year following the sale to the consumer, Article 2534, as it is enforceable against the seller. The manufacturer is presumed to know of the defect in the thing made by him. Radalec, Incorporated v. Automatic Firing Corp., 228 La. 116, 81 So.2d 830 (1955); Tuminello v. Mawby, 220 La. 733, 57 So.2d 666 (1952); George v. Shreveport Cotton Oil Co., 114 La. 498, 38 So. 432 (1905). The one-year limitation on redhi-bitory actions does not apply where the seller (manufacturer) had knowledge of the defect but failed to declare it at the time of the sale. Article 2534. In such instance, the consumer may institute the action to recover for the redhibitory defect within the year following his discovery of it. Article 2546.”
*1254 Since CONOCO is presumed to know of any defects existing in the products it manufactures, the one-year prescriptive period applicable to plaintiff’s claim against it for breach of warranty did not begin to run until he discovered the defect in the fluid. See Blalock v. American Employers Insurance Co., supra.
Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of everything to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription. Cartwright v. Chrysler Corp., 255 La. 597, 232 So.2d 285 (1970).
We find that plaintiff had sufficient knowledge or notice to begin the running of prescription in September or October of 1978, when he received the reports concerning the testing of the fluid which showed it to be defective. Plaintiff admitted a number of times in his testimony that he was suspicious that it was the fluid causing his problems as early as May or June of 1978, when his tractors broke down shortly after the fluid had been placed in them. His sending of a sample of the fluid to the independent testing laboratory clearly indicates that he had enough notice to excite his attention and put him on his guard as to the fact that the fluid was defective. Plaintiff waited over a year and a-half, after having notice that the fluid was defective, before filing this action. Thus, his action against CONOCO for breach of warranty has prescribed.
As to plaintiff's cause of action based on negligence, the applicable prescriptive period is one year from the date on which the damages were sustained. See LSA-C.C. Article 3537; Cartwright v. Chrysler Corp., supra.
In the sale of any product, the implicit or explicit representation or declaration is made that the product possesses the requisite fitness or wholesomeness for the purpose it is marketed. An action for damages, whether arising from redhibitory vices (LSA-C.C. Article 2534, 2546), or arising from an offense or quasi-offense (LSA-C.C. Article 3536), must be brought in one year. Even in cases where the seller (and the manufacturer, by presumption) had knowledge of the redhibitory defect but failed to declare it, the consumer must bring his action within one year following his discovery of the defect. Cotton States Chemical Co., Inc. v. Larrison Enterprises, Inc., 342 So.2d 1212 (La.App. 2 Cir.1977); Rey v. Cucci, supra.
The evidence shows that the damage caused by the fluid was sustained by plaintiff’s tractors in August of 1978, at the latest, and that he discovered the defect in the fluid at that time. Thus, his cause of action against defendants based on negligence, instituted some one and a-half years after this damage had been sustained, has prescribed.
For the above and foregoing reasons, the judgment of the trial court sustaining defendants’ peremptory exception of prescription is affirmed.
All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.