KING, Judge.
The only issue presented by this appeal is whether or not the trial court was correct in dismissing plaintiff’s suit in redhibition on an exception of prescription.
Rodney Mire, (hereinafter Mire) filed suit for the damages he incurred resulting from the purchase of a defective pre-fabricated movable home. In response, defendant, Marks Construction Company (hereinafter Construction) filed a peremptory exception of prescription. The trial judge held an evidentiary hearing on the exception of prescription and overruled Construction’s exception. Since this ruling was based on an erroneous application of the ten year prescriptive period allowed for contract actions, Construction applied for a supervisory writ which was granted by this Court. This Court in ruling on the writ application held that the trial court erred in applying the *509 ten year prescriptive period to this case because actions based on a breach of warranty against defects are to be brought in redhibition instead of as a breach of contract, Melancon v. Continental Oil Co., 420 So.2d 1251 (La.App. 3rd Cir.1982), and under the law of sales the prescriptive period for breach of warranty is one year. LSA-C.C. Arts. 2534, 2546. Accordingly, we remanded the case to the trial court for reconsideration. After considering our ruling and applying it to the evidence admitted at the original hearing, the trial judge sustained Construction’s exception of prescription and dismissed the case. Mire has timely appealed this judgment. We affirm.
FACTS
On November 24,1976, Mire purchased a pre-fabricated movable home from Construction. Mire estimated that the unit was fifty percent completed when he and his wife selected it on Construction’s lot. Mire testified that when he first saw the unit the entire outside of the home was finished as well as the floor. At that time, the only task that remained in preparing the home for delivery was placing the finishing touches on the interior of the home. Once the home was fully completed, it was loaded on a truck and transported to Mire’s lot.
Less than one year after the house was purchased, the floor began to buckle. Mire called Chester J. Marks, President of Construction, and Marks sent a repairman named “Boudreaux” who fixed the floor. Then, sometime between 1973 and 1977, the bathroom plumbing broke and caused extensive water damage to the bathroom floor. Mr. and Mrs. Mire complained to Marks but Construction did nothing. Finally, in 1977 Mire discovered that all of the sills (horizontal pieces that form the lowest part of the house frame) were rotten. He complained to Marks, however, Construction refused to do anything about the rotten sills. Since Construction refused to remedy the alleged defects, Mire filed this suit on July 29, 1981 to rescind the sale or, alternatively, for dimunition in the purchase price.
On appeal Mire presents two issues. First, was the one year prescriptive period for redhibitory defects interrupted by Construction’s attempt to repair the alleged defects. Second, was Mire given ample opportunity at the hearing on the exception of prescription to show that Construction had never abandoned its attempts to repair the home.
The prescriptive period for actions in redhibition is one year from the date of sale if the seller is in good faith. LSA-C.C. Art. 2534. If the seller is in bad faith the prescriptive period is one year from the discovery of the defect. LSA-C.C. Articles 2545, 2546. Since Mire discovered the allegedly rotten sills sometime in 1977 and didn’t file suit until July 29,1981, his action is prescribed under either period unless prescription was interrupted. It is well settled that where the seller attempts to repair a redhibitory defect, prescription is interrupted and the one year period does not begin to run until the seller abandons his attempts to repair the defect. Castille v. General Motors Corp., 417 So.2d 95 (La.App. 3rd Cir.1982); White v. International Harvester Co., Inc., 415 So.2d 658 (La.App. 3rd Cir.1982).
Mire contends that Construction has never abandoned trying to repair the home’s defects, and thus, prescription has been interrupted. We disagree. The only attempt made by Construction to repair Mire’s home was in 1973 when “Bou-dreaux” repaired the buckled floor. Mire claims he was dissatisfied with the repairs but Construction did nothing further to repair the floor. Thereafter, Mire again complained about the home when the plumbing broke sometime between 1973 and 1977 and also when he discovered the rotten sills in 1977. In both instances, Construction refused to do anything to repair the home. Since Construction made no promises nor further attempts to repair the house after “Boudreaux” fixed the floor in 1973, Mire’s *510 redhibition action had prescribed when this suit was filed in 1981.
Next, we turn to Mire’s contention that he was not given ample opportunity to prove that Construction had never abandoned its attempts to repair the home. It is well settled that the trial judge may conduct a hearing prior to trial and take evidence on the issue of prescription. LSA-C.C.P. Articles 929-931; Chin See Fun v. Louisville & N.R. Co., 344 So.2d 8 (La.App. 4th Cir.1977), writ denied 346 So.2d 210 (La.1977). At this hearing the trial judge should exercise sound discretion in only admitting and considering evidence necessary to decide the prescriptive issue. Chin See Fun v. Louisville & N.R. Co., supra.
Applying these principles to the case at hand we can find nothing in the record which suggests that the trial court prevented Mire from introducing any evidence which he desired to introduce on the issue of prescription. During the hearing, Mr. and Mrs. Mire were questioned about the nature of each alleged defect, the date each was discovered, and Construction’s responses to their complaints. In answering counsel’s questions Mr. and Mrs. Mire candidly testified that after Boudreaux fixed the floor in 1973, Construction would not agree to fix any of the other alleged defects in the home about which they complained. The only limitation placed by the Court on Mire’s counsel, during the hearing on the exception of prescription, was that he limit his questioning to matters relevant to the issue of prescription and refrain from introducing evidence pertaining to damages. This limitation was proper as the merits of the case were not at issue at a hearing held for the purpose of deciding an exception of prescription.
For the foregoing reasons, we find no abuse of discretion or manifest error in the judgment by the trial judge. We affirm the judgment of the trial court at plaintiff-appellant’s costs.
AFFIRMED.