WICKER, Judge.
This appeal arises from a judgment in favor of Dixie Building Materials, Inc. (Dixie), plaintiff/appellee, and against Kenneth Prieur, defendant/appellant, awarding $2,197.80, interest, and costs. The judgment in favor of Dixie was a recognition of payment due Dixie for concrete mix furnished to Bob L. Whittington & Associates, Inc. (Whittington), Prieur’s sub-contractor. Prieur, the owner of the residence, hired Whittington to pour flat work, i.e. concrete, around a pool deck. Prieur reconvened asserting Dixie was a manufacturer of the product who was liable to him for its alleged defects. The trial judge dismissed Prieur’s reconventional demand. Prieur appeals only that portion of the judgment dismissing his reconventional demand. Dixie’s counsel has filed an exception of prescription in this court as to that demand. We sustain the exception of prescription and affirm the trial court's judgment dismissing Prieur’s reconventional demand.
Prieur urges this court to strike the plea of prescription since it was not raised below. He contends the lower court would be a more appropriate forum as this court lacks sufficient information to determine the merits of the exception. He also seeks to have the plea stricken since Dixie states no grounds for its failure to file it below. We disagree with these contentions.
La.C.Civ.P. art. 2163 allows this court the discretion to either consider a peremptory exception filed for the first *1001 time or to remand it to the trial court for a trial on the exception. La.C.Civ.P. art. 2163.
We “may consider the peremptory exception only if ‘proof of the ground of the exception appears of record.’ ” Sauve Heirs v. National Bus. Consultants, 522 So.2d 686, 690 (La.App. 5th Cir.1988), writ denied, 523 So.2d 1341 (La.1988) [quoting La.C.Civ.P. art. 2163]. Since the grounds for Dixie’s exception are part of the record in this case we conclude the exception should be considered.
Dixie asserts that Prieur’s claim is based upon redhibition or breach of warranty of fitness of the concrete mix. We agree.
In Cotton States Chem. Co. v. Larrison Enterprises, 342 So.2d 1212 (La.App. 2nd Cir.1977) the purchaser filed a reconven-tional demand against the manufacturer of a herbicide which was bought through another party. Both the sale of the herbicide and its alleged failure occurred more than one year before the litigation. The court held such an action based on redhibition or a breach of warranty of the fitness of the product must be brought “within one year following [the consumer’s] discovery of the defect.” Id. at 1214-15. La.Civ.Code art. 3492.
Dixie filed its petition April 11, 1988 alleging inter alia, it filed a lien on June 2, 1987. Prieur was served with Dixie’s demand through domiciliary service on April 21, 1988. On October 27, 1988 Prieur filed an affidavit he signed on October 26, 1988 in opposition to a summary judgment. He averred he was:
forced to completely breakup and tear off the existing pool deck that was poured and formed by defendant, Bob L. Whittington & Associates, Inc., due to the improper mix of concrete materials supplied by Dixie Building Material Co., Inc., and as a result thereof has incurred additional costs and expenses.
Thus, Prieur acknowledged he discovered the alleged defect at the very latest by October 26, 1988, the date he signed the affidavit.
Prieur did not file his reconventional demand until January 26, 1990, over a year after the acknowledgement. In that pleading he alleged he had to make numerous repairs since the Dixie materials were inferior and did not meet Prieur’s intended purpose.
His claim has clearly prescribed.
During oral argument Prieur’s counsel asserted Prieur was not barred from filing a prescribed claim via a recon-ventional demand as an offset to the main demand.
La.C.Civ.P. art. 1067 provides an exception to La.Civ.Code art. 3492 as follows:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand ...
Prieur did not file his reconventional demand within the one-year period from date of discovery or within the ninety-day statutory period. The main demand was filed April 11, 1988. The record discloses Prieur was served with the main demand April 21, 1988. His reconventional demand was filed January 26, 1990, well beyond the ninety-day period allowed by La.C.Civ.P. art. 1067.
Accordingly, for the reasons stated we sustain Dixie’s peremptory exception of prescription and affirm the trial court’s dismissal of Prieur’s reconventional demand against Dixie at Prieur’s cost.
AFFIRMED.