588 So.2d 78 (1991)
DIXIE BUILDING MATERIALS CO., INC.
v.
BOB L. WHITTINGTON & ASSOCIATES, INC. and Kenneth M. Prieur.
No. 91-C-1676.
Supreme Court of Louisiana.
October 18, 1991.
PER CURIAM.
Prieur's reconventional demand was based on the defectiveness of the concrete. His claim was prescribed by the one-year prescriptive period. Prieur's reconventional demand was not filed within 90 days of service of the main demand under La.Code Civ.P. art. 1067. However, La.Code Civ.P. art. 424 allows a prescribed obligation to be used as a defense if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff. Plaintiff's (Dixie's) claim is for payment for the concrete which Prieur in his reconventional demand claims was defective. Thus, Prieur's claim is incidental to plaintiff's demand and may be used as a defense.
Accordingly, we reverse the judgment of the court of appeal, 579 So.2d 999 (1991), and remand the case to that court to determine whether Prieur's prescribed claim can be used as an offset to the obligation plaintiff seeks to enforce.
WATSON, J., dissents from the order and would deny the application.