LOTTINGER, Judge.
This is a redhibition suit. Plaintiff, Insurance Planning Service Corporation, filed suit against Mercedes Benz of North America, Inc. (Mercedes Benz), University Volkswagen, Inc., and Miller-Terrell Imports, Inc. (Miller-Terrell) for the return of the purchase price of two (2) Mercedes Benz automobiles purchased by plaintiff. From a judgment sustaining a peremptory exception of prescription in favor of defendant, Miller-Terrell, plaintiff has appealed.
On January 31, 1975, and February 24, 1975, respectively, plaintiff purchased a 1974 450 SLC Mercedes Benz and a 1975 450 SEL Mercedes Benz. Plaintiff alleges that since the dates of the purchases it has experienced continual difficulties, unsuccessful repair attempts, and numerous defects sufficient to constitute redhibitory vices in both automobiles. The last repairs to both automobiles were made on April 9 and 10, 1976. Suit was filed on June 24, 1977.
In opposition to the peremptory exception of prescription, plaintiff-appellant argues that it met on June 29, 1976, with representatives of Miller-Terrell and Mercedes Benz, and was told that they would do everything within their power to repair the vehicles to plaintiff’s satisfaction. The plaintiff, however, refused to give defendant, Miller-Terrell, the automobiles unless some type of transportation was furnished while the automobiles were being repaired. Plaintiff argued that the substitute transportation was necessary because the automobiles were used in the plaintiff’s business. Miller-Terrell refused this request but plaintiff-appellant contends that the Mercedes Benz representative led plaintiff to believe that something might be worked out as far as a rental car was concerned.
La.C.C. art. 2534 provides that the prescriptive period in a redhibitory action is one year from the date of sale. However, the jurisprudence recognizes that this pre *660 scriptive period does not begin to run until the seller abandons his attempts to repair the defect. White v. Martin GMC Trucks, Inc., 359 So.2d 1094 (La.App. 3rd Cir. 1978), writs granted on other grounds, 362 So.2d 1116 & 1117 (La.1978); Alexander v. Burroughs Corporation, 350 So.2d 988 (La.App. 2nd Cir. 1977), affirmed in part and reversed in part on other grounds, 359 So.2d 607 (La.1978); Williams v. Ford Motor Company, 307 So.2d 159 (La.App. 1st Cir. 1974), writ denied, 309 So.2d 684 (La.1975); de la Houssaye v. Star Chrysler, Inc., 284 So.2d 63 (La.App. 4th Cir. 1973), writ refused, 286 So.2d 62 (La.1973).
The trial judge apparently concluded, and we agree, that Miller-Terrell’s refusal to take plaintiff’s automobiles for repair under plaintiff’s condition of providing substitute transportation did not amount to an abandonment of any further attempt to repair the automobiles. Necessarily, then, prescription began to run on the date of the last repairs, April 9 and 10, 1976. Suit was filed more than one year after the date of last repairs, thus the exception was properly maintained. The argument by plaintiff that it was led by the Mercedes Benz representative to believe that something might be worked out as to transportation is of no consequence as far as Miller-Terrell is concerned.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant’s costs.
AFFIRMED.