424 So.2d 1184 (1982)
Wayne E. ROBERTSON
v.
CHRYSLER CORPORATION, et al.
No. 82 CA 0329.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
A. Wayne Stewart, Denham Springs, for plaintiff-appellant.
Nita R. Gorrell, Hammond, for defendant-appellee Parish Motors.
Richard Creed, Jr., Baton Rouge, for defendant-appellee Chrysler Corp.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
This is an action in redhibition filed by the purchaser of a 1979 Dodge Sweptline pickup truck against Chrysler Corporation, the manufacturer, and Parish Motors, Inc., the dealer who sold Robertson the truck. Defendants each filed a peremptory exception of prescription, which the trial court sustained after a combined trial on the exception and on the merits. We affirm.
The truck was purchased by Robertson from Parish Motors, Inc., Hammond, Louisiana, on February 2, 1979. Robertson had many mechanical problems with the truck, beginning long before the 12,000 mile warranty had expired and continuing after expiration of warranty. Before the warranty expired, Robertson on all occasions took the truck to Parish Motors for repairs and thereafter he had the repairs performed by independent repairmen. The last repair made by Parish Motors, the trial court found, was on June 22, 1979. The vehicle was purchased on credit, with a chattel mortgage having been given Chrysler Credit Corporation. It cannot be determined from the record whether Chrysler Credit Corporation is a subsidiary of Chrysler Corporation or an independent entity. In any event, Robertson had his fiancee write a letter to Chrysler Credit Corporation dated December 26, 1979, in which he complained about the mechanical problems which he had had with the truck. The letter contained the following closing paragraph:
"I can no longer afford this pathetic vehicle. It has been returned to the dealorship (sic) from whom I purchased it as of November 1979. The dealorship (sic) is: Parish Motors of Hammond, Louisiana. I shall not agree to pay any more towards this piece of junk. You can have it! From what I see and hear, I am not the only consumer dissatisfied with the products of the Chrysler Corporation, especially these later model vehicles."
*1185 The record reveals that Robertson did in fact return the truck to Parish Motors in November of 1979. On January 29, 1980, the truck was seized by the sheriff of Tangipahoa Parish under a writ of seizure and sale obtained by Chrysler Credit Corporation. In February of 1980, Parish Motors made repairs on the truck at the request of Chrysler Credit Corporation, to prepare the truck for sale. The truck was subsequently sold.
Robertson did not file the present action in redhibition until January 19, 1981, more than one year after the last repairs were made upon the truck by Parish Motors at Robertson's instance.
The action in redhibition prescribes in one year from the date of sale under the provisions of LSA-C.C. art. 2534. An exception is made to this general rule if the seller attempts to remedy the defect in the object sold. In such a case, the one-year prescriptive period does not commence to run until all attempts to repair the defect are abandoned by the seller or until the last promise of repair is made by the seller to the buyer. White v. International Harvester Co., Inc., 415 So.2d 658 (La.App. 3d Cir. 1982); Insurance Planning Serv. v. Mercedes Benz, 387 So.2d 658 (La.App. 1st Cir. 1980); Robertson v. Jimmy Walker Chrysler-Plymouth, 368 So.2d 747 (La.App. 3d Cir.1979), writ denied 371 So.2d 833 & 834 (La.1979).
In the present case the trial court found that Parish Motors made the last repairs on the truck at Robertson's request on June 22,1969, more than one year before the suit was filed on January 19, 1981. We have carefully reviewed the entire record, including the transcript of testimony, and are satisfied the trial court was correct in that factual determination. Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). As suit was filed more than one year after the last work was done by Parish Motors at Robertson's instance, we find, as did the trial court, that prescription has run.
It is true that Parish Motors performed work on the truck in February of 1980. However, this work was done after the truck had been repossessed under a writ of seizure and sale, and was undertaken at the instance of Chrysler Credit Corporation, not that of Robertson. The work was done to prepare the vehicle for sale, not to please Robertson. Parish Motors had made no promise to Robertson concerning repair of the truck after the truck was seized. As the subsequent repairs were not the outgrowth of a commitment by Parish Motors to Robertson, the date of the repairs done by Parish Motors after repossession cannot be considered to constitute the date from which prescription is to be measured. White v. International Harvester Co., Inc., supra. Rather, the last day repairs were made by Parish Motors before repossession, the date of the last such repairs having been June 22, 1979, is the date the running of prescription commenced. Prescription had run before suit was filed on January 19, 1981.
The judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.