589 So.2d 571 (1991)
FORD MOTOR CREDIT COMPANY
v.
Karen T. BOWER.
No. 90 CA 1408.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
Rehearing Denied January 3, 1992.
*572 Arthur D. Dupre, Jr., Metairie, for defendant-appellant.
Mark N. Bodin, New Orleans, for plaintiff-appellee.
Michael T. Pulaski, Robert W. Maxwell, New Orleans, for Hyundai Motor.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This appeal arises from a third-party demand for breach of warranty and damages.

BACKGROUND
On or about March 9, 1987, Karen T. Bower purchased a 1987 Hyundai GL from Bill Watson Hyundai, Inc. Bower financed the purchase through Ford Motor Credit Company and secured the $14,382.60 note with a chattel mortgage on the automobile. On September 1, 1987, Ford Motor Credit Company filed suit for executory process against Bower seeking to recover the unpaid balance (less interest rebate) of $11,050.29. Ford Motor Credit Company subsequently filed a supplemental petition for deficiency judgment on February 10, 1988, alleging that Bower's automobile was ultimately sold at sheriff's sale for $5,000.00.[1]
Thereafter, on March 1, 1989, Bower filed a third-party demand for breach of warranty and damages against Bill Watson Hyundai, Inc. and Hyundai Motor America. In her pleading, Bower alleged that the vehicle contained non-apparent defects and non-conformities which rendered the vehicle so imperfect and inconvenient that *573 she would not have purchased the vehicle had she known of the defects and non-conformities. Bower requested a full refund of the purchase price plus all collateral costs arising out of the sale, reimbursement for a temporary replacement vehicle, and damages for mental anguish. Bower also set forth a separate action against Bill Watson Hyundai, Inc. under the National Service Corporation service contract.
Bill Watson Hyundai, Inc. and Hyundai Motor America filed a peremptory exception pleading the objection of prescription. The trial court subsequently rendered judgment in favor of Bill Watson Hyundai, Inc. and Hyundai Motor America and against Bower, dismissing Bower's claims with prejudice. The trial court judgment, however, specifically reserved Bower's right to raise the redhibition claim as a defense in the principal action.
From this adverse judgment, Bower appeals assigning the following errors:
A. The district court erred in extending the one year prescriptive period for redhibition actions to a separate and distinct cause of action arising under L.R.S. 51:1941, et seq., where that statute is silent to a prescriptive period.
B. The district court erred in granting the exception of prescription dismissing the third party claim against appellee, Hyundai Motor Company, under L.R.S. 51:1941, et seq., by applying a one (1) year prescriptive period.
C. The district court erred in granting the exception of prescription dismissing the third party claim against appellee, Bill Watson Hyundai, based on breach of contract by applying a one (1) year prescriptive period.

CAUSES OF ACTION and APPLICABLE PRESCRIPTIVE PERIODS
In her third-party demand, Bower set forth causes of action against Bill Watson Hyundai, Inc. and Hyundai Motor America for redhibition (LSA-C.C. arts. 2520 et seq.) and "Lemon Law" violations (LSA-R.S. 51:1941 et seq.) and a cause of action against Bill Watson Hyundai, Inc. for breach of the service contract. To determine whether Bower's actions have prescribed, we must determine the applicable prescriptive period for each cause of action set forth in her petition.

A. REDHIBITION
Actions based on a breach of warranty against defects are to be brought in redhibition instead of as a breach of contract. Unlike damages for other contractual breaches, damages caused by a breach of the warranty in a contract of sale are regarded as founded in redhibition and subject to the prescriptive period applicable to redhibitory actions. Idacon, Inc. v. Arnold Construction Company, 537 So.2d 1290, 1293 (La.App. 2nd Cir.1989); Melancon v. Continental Oil Company, 420 So.2d 1251, 1253 (La.App. 3rd Cir.1982). Under the law of sales, the prescriptive period for breach of warranty is one year from the date of the sale or from the buyer's discovery of the defect if the vendor knew or is chargeable with knowledge of the defect. LSA-C.C. arts. 2534, 2546; Melancon v. Continental Oil Company, 420 So.2d at 1253. An exception to this general rule is made if the seller attempts to remedy the defect in the object sold. Robertson v. Chrysler Corporation, 424 So.2d 1184, 1185 (La.App. 1st Cir.1982). In such a case, the one-year prescriptive period does not commence to run until all attempts to repair the defect are abandoned by the seller or until the last repair or promise of repair is made by the seller to the buyer. Robertson v. Chrysler Corporation, 424 So.2d at 1185.

B. THE LEMON LAW
LSA-R.S. 51:1941 et seq. set forth the law relative to new motor vehicle warranties. These provisions, however, do not specify a prescriptive period applicable to actions arising under the provisions of the "Lemon Law." In the instant case, Bower contends that the applicable prescriptive period is ten years. Bill Watson Hyundai, Inc. and Hyundai Motor America contend that the prescriptive period in redhibition and breach of warranty cases is applicable.
*574 The "Lemon Law" sets forth a manufacturer's duties with regard to any new motor vehicle, which does not conform to an applicable express warranty, to repair the motor vehicle (LSA-R.S. 51:1942), to replace the motor vehicle with a comparable new motor vehicle (LSA-R.S. 51:1944 A(1)), or to accept return of the motor vehicle and refund the full purchase price (LSA-R.S. 51:1944 A(2)). In her third-party demand, Bower seeks to rescind the sale, namely that the manufacturer accept the return of the motor vehicle and that the full purchase price be refunded, in addition to other relief. Like actions for breach of warranty, actions under the "Lemon Law" are founded in redhibition. As such, they have the same prescriptive period of one year.

C. SERVICE CONTRACT
An action for breach of contract is personal in nature and, unless otherwise regulated by statute, prescribes in ten years. LSA-C.C. art. 3499; Idacon, Inc. v. Arnold Construction Company, 537 So.2d at 1293. As such, an action for the breach of a service contract is prescribed in ten years.

PRESCRIPTION
Having determined the applicable prescriptive period for each cause of action set forth in Bower's third-party demand, we must determine which, if any, of her actions has prescribed.
The burden of proving prescription is on the party pleading prescription. Mangham v. B. & C. Wood Company, Inc., 561 So.2d 822, 823 (La.App. 2nd Cir.), writ denied, 566 So.2d 984 (La.1990); Levron v. Bonin, 448 So.2d 211, 213 (La.App. 1st Cir.1984). In other words, when it is not obvious from the face of the petition, the burden of proving that an action has prescribed rests upon the party pleading prescription. Strata v. Patin, 545 So.2d 1180, 1189 (La.App. 4th Cir.), writs denied, 550 So.2d 618 (La.1989). However, once it is proved that more than one year has elapsed between the time of the last repair, attempted repair, or abandonment of repair and the filing of the suit, the burden shifts to the plaintiff to prove an interruption or suspension of prescription. See Strata v. Patin, 545 So.2d at 1189; Scott v. Burden, 527 So.2d 468, 469-470 (La.App. 5th Cir. 1988).
As stated earlier, although actions in redhibition and under the "Lemon Law" generally prescribe within one year from the date of the sale under LSA-C.C. art. 2534 and LSA-R.S. 51:1942 and 1944, respectively, an exception is made to this general rule in that if the seller attempts to remedy the defect in the object sold, the prescriptive period does not commence to run until all attempts to repair the defect are abandoned by the seller or until the last promise of repair is made by the seller to the buyer. Robertson v. Chrysler Corporation, 424 So.2d at 1185.
In the instant case, when Bower filed her petition on March 1, 1989, she alleged that she purchased the vehicle on March 9, 1987 and that "she tendered her vehicle to Bill Watson Hyundai for repair on five or more occasions within the year of purchase and/or the expiration of the warranty," or sometime before March 9, 1988. Therefore, the prescriptive period did not commence to run until one year had elapsed from the last repair attempt.
In answers to requests for admissions, third-party defendants admitted that Bower took her vehicle to Bill Watson Hyundai for service on May 12, May 13, June 15, and June 17, 1987, but denied that the vehicle was tendered for repair on those dates. Third-party defendants produced no evidence either through discovery or at the hearing on the exception to establish the last date on which Bower tendered her vehicle for repair. As a result, third-party defendants failed to carry their burden of proving that when Bower filed her petition on March 1, 1989, her actions for redhibition and "Lemon Law" violations had prescribed.
In brief, third-party defendants argue that the last repair to Bower's vehicle was June 17, 1987, but there is no evidence to this effect in the record.
*575 Moreover, with regard to Bower's claim for breach of the service contract, on the face of the third-party demand, Bower's action has not prescribed. As such, it was incumbent upon the third-party defendants to show that this action in contract had prescribed, which they failed to do.

CONCLUSION
For these reasons, the judgment of the trial court is reversed, and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed against third-party defendants.
REVERSED AND REMANDED.
NOTES
[1] The record, however, does not contain any documents establishing that the automobile was sold at sheriff's sale.