754 So.2d 1032 (1999)
Harry RENO
v.
PERKINS ENGINES, INC.
No. 98 CA 1686.
Court of Appeal of Louisiana, First Circuit.
September 24, 1999.
Writ Denied January 7, 2000.
*1033 Henry G. Terhoeve, Baton Rouge, Byard Edwards, Jr., Pontchatoula, for Plaintiff-Appellant, Harry Reno.
P. Scott Jolly, Baton Rouge, for Defendant-Appellee, Perkins Engines, Inc.
C. Michael Hill, Lafayette, for Defendant-Appellee, SEPCO Industries, Inc.
Before: SHORTESS, PARRO, and KUHN, JJ.
SHORTESS, J.
Harry Reno (plaintiff) bought twin screw turbo marine engines from SEPCO Industries, Inc., in 1987. The engines were manufactured by Perkins Engines, Inc. Plaintiff sued Perkins on December 22, 1994, seeking rescission of the sale and damages due to defects in the engines. Plaintiff amended his petition to add SEPCO as a defendant on March 1, 1996.[1] Perkins and SEPCO (defendants) filed separate exceptions of prescription, which the trial court sustained, dismissing plaintiff's suit. Plaintiff moved for a new trial, which was denied. Plaintiff then appealed, citing only the judgment denying the motion for new trial in his petition for appeal.
Defendants contend plaintiff's appeal should be dismissed because a judgment denying a motion for new trial is interlocutory and nonappealable. While technically they are correct, the supreme court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well when it is clear from the appellant's brief that he intended to appeal the merits of the case.[2] It is obvious from plaintiff's brief that he intended to appeal the judgment on the merits as well as the denial of *1034 the motion for new trial; two of his three specifications of error are that the trial court improperly sustained the exceptions of prescription. Thus we must treat this case as an appeal of both judgments.
At the time this cause of action arose,[3] Louisiana Civil Code article 2534 required that suit for rescission of sale based on redhibitory vices be brought within one year from the date of the sale, or within one year of the date the buyer obtained knowledge of the vice, if the seller knew of the vice but failed to declare it. If the seller attempts to remedy the defect in the thing sold, the prescriptive period does not begin to run until all attempts to repair the defect are abandoned by the seller or until the last repair is made by the seller.[4]
Ordinarily, the burden of proof is on the party pleading prescription. If on the face of the petition it appears prescription has run, however, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period.[5] In this case, plaintiff's petition alleges the engines were purchased on April 1, 1987, and repairs were made from 1987 through 1989. The last repair mentioned in the petition was May 1, 1989. The petition was filed December 22, 1994. Thus, the suit is prescribed on the face of the petition, and plaintiff bears the burden of proving the suit had not prescribed.
In support of the exceptions, defendants filed plaintiffs deposition. His testimony is very confusing. As best we can glean from his deposition testimony, the following took place regarding repairs to the engines. Kent Adams, SEPCO's "main mechanic man," delivered the engines to plaintiff on January 15, 1987. Plaintiff installed the motors himself, and on May 5, 1987, the engines were started for the first time. Adams tested the engines, using a checklist. He discovered that one of the engines ran hot because of casting grit in the block. Adams took the engine and replaced it with a new one on May 12, 1987.
Plaintiff used the engines for three months, when he began to have problems with one of them, referred to in the deposition as "engine A." Adams took the manifold from that engine in August 1987 and replaced it with a new manifold. There were other problems, however. While the manifold was off the engine, water damaged the turbo, which had to be rebuilt. In February 1988, Adams replaced the manifold again, and in May 1989, Adams replaced a piston and reworked a cylinder head that had been damaged by rust. In June 1989 Adams repaired some oil leaks on this engine.
Plaintiff also had problems with the other engine, referred to as "engine B." It is unclear from the deposition whether work done in 1990 on engine B was performed by SEPCO or by another company, Stewart & Stevenson. Plaintiff stated that at some point SEPCO closed its Kenner office, and he began to use Stewart & Stevenson for repairs. Either SEPCO or Stewart & Stevenson took the manifold from engine B in 1989 or 1990, promising to replace it. In 1991 someone from Stewart & Stevenson brought plaintiff a replacement manifold, but it did not fit. He finally received a new manifold in June 1993 from Stewart & Stevenson; they just delivered it and did nothing more. Plaintiff testified that after the manifolds were replaced, he had no more trouble with the manifolds.
Plaintiff stated the last time anyone from SEPCO worked on engine A was on June 20, 1989, and after that date, he was the only one who worked on it. He stated the last time anyone from Stewart & Stevenson did anything to engine B was in *1035 1991, when they brought the wrong manifold. Plaintiff testified he worked on the engines because "nobody would touch them. S[EPCO] went out of business, Stewart & Stevens[on] wouldn't touch them, they couldn't get ... parts, they didn't want to be bothered with them...."
The prescriptive period in this case began to run when the last repair was made by the seller or when all of the seller's attempts to repair the engines were abandoned. By plaintiff's own testimony, the last repair made by the seller was in 1989. Although plaintiff fails to show any connection between Stewart & Stevenson and SEPCO, even if Stewart & Stevenson's 1991 repairs are considered, plaintiff's suit was untimely. Plaintiff makes much of the length of time it took to obtain the last replacement manifold. His suit, however, was filed more than a year after the last manifold was delivered. And it is clear from plaintiffs testimony that SEPCO and Stewart & Stevenson had abandoned any further attempts to repair the engines more than one year before this suit was filed.
Plaintiff also complains the engines were defective because they did not have anodes that prevent internal corrosion. He testified he realized in 1990 that there were no anodes in these engines and no way to retrofit the engines with anodes. Plaintiff failed to file suit within one year of discovery of that alleged defect, and he has lost the right to complain of it now.
Plaintiff presents a legal argument that his suit has not prescribed based on the third paragraph of Civil Code article 2534. At the time this cause of action arose, article 2534 read:
The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.
Nor where the seller, not being domiciliated in the State, shall have absented himself before the expiration of the year following the sale; in which case the prescription remains suspended during his absence.
Plaintiff argues that Perkins, a Maryland corporation with its principal place of business in Georgia, is not domiciled in this state, and thus prescription is suspended against it in perpetuity. Plaintiff relies on Allen v. Burnett,[6] a second circuit case that applied the third paragraph of article 2534. Plaintiff overlooks a crucial difference between this case and Allen, however. In Allen, the sellers were Louisiana domiciliaries at the time of the sale but moved to Texas shortly thereafter. In this case, Perkins never was a Louisiana domiciliary, and thus it never absented itself from the state. Under plaintiffs interpretation of article 2534, prescription could never run against a foreign domiciliary. We reject that interpretation.[7]
Finally, plaintiff contends the trial court erred in denying his motion for new trial based on the third amending petition, filed after judgment was rendered on the exceptions, that added a claim for breach-of-contract damages. The same procedural move was attempted unsuccessfully by the plaintiffs in the second and third circuits in Riddle v. Simmons[8] and Malin v. Andrus Homes.[9] The second circuit stated in Riddle:
The sustention of a peremptory exception of prescription is a final judgment obviously ending the case for the losing party.... Upon rendition of a final judgment, the Code of Civil Procedure *1036 affords an unsuccessful litigant only the right to seek a new trial or to appeal.
Logically, a party cannot amend a dismissed petition. LSA-C.C.P. Art. 1151 provides only for the amendment of an existing petition. If nothing exists to amend, there can be no amendment and orders so allowing are ineffective.[10]
And in Malin, when the plaintiff attempted to amend her redhibition action to add a claim for breach of contract and thus defeat prescription, the court stated: "Under its clear wording, La. C.C.P. art. 934 does not contemplate allowing an amendment to state an entirely different cause of action with a longer prescriptive period in order to remove the effect of the peremptory exception."[11] We agree with the second and third circuits[12] and find that the trial court herein did not err in ignoring the breach-of-contract claim asserted in the third supplemental and amended petition and denying plaintiff's motion for new trial.
Based on the record before us, and for the reasons stated above, we find no error in the trial court's sustaining the exceptions of prescription and the denial of the motion for new trial. Thus, we affirm the decision of the trial court, at plaintiff's costs.
AFFIRMED.
KUHN, J., dissents.
NOTES
[1] Plaintiff also sued Robert Struppeck, SEPCO's salesman, but never served him.
[2] Smith v. Hartford Acc. & Indem. Co., 254 La. 341, 348-49, 223 So.2d 826, 828-29 (1969); Fruehauf Trailer Co. v. Baillio, 252 La. 181, 190, 210 So.2d 312, 315 (1968).
[3] The sales articles of the Civil Code were revised effective January 1, 1995.
[4] Ford Motor Credit Co. v. Bower, 589 So.2d 571, 573 (La.App. 1st Cir.1991); Robertson v. Chrysler Corp., 424 So.2d 1184, 1185 (La.App. 1st Cir.1982).
[5] Younger v. Marshall Indus., 618 So.2d 866 (La.1993).
[6] 530 So.2d 1294 (La.App. 2d Cir.1988).
[7] See AFCO Steel, Inc. v. TOBI Engineering, Inc., 893 F.2d 92 (5th Cir.1990).
[8] 626 So.2d 811 (La.App. 2d Cir.1993), writ denied, 93-2920 (La.4/29/94), 637 So.2d 459.
[9] 610 So.2d 223 (La.App. 3d Cir.1992).
[10] 626 So.2d at 813 (citations omitted).
[11] 610 So.2d at 225.
[12] See also Templet v. Johns, 417 So.2d 433 (La.App. 1st Cir.), writ denied, 420 So.2d 981 (La.1982).