NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-221

KRISTA STANLEY

VERSUS

ST. CHARLES GAMING COMPANY, INC.
D/B/A ISLE OF CAPRI CASINO-LAKE CHARLES

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2001–3644
HONORABLE ARTHUR J. PLANCHARD, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and Chris J. Roy, pro tem, Judges.

REVERSED AND REMANDED.

John E. Jackson
Attorney at Law
P.O. Box 1239
Lake Charles, LA 70602-1239
Counsel for Plaintiff-Appellant:
    Krista Stanley

**Evans Martin McLeod**
**Christian E. Daigle**
**Phelps Dunbar, L.L.P.**
**Canal Place**
**365 Canal Street, Suite 2000**
**New Orleans, LA 70130-6534**
**Counsel for Defendant-Appellee:**
  **St. Charles Gaming Company, Inc.**

**PAINTER, Judge.**

Plaintiff, Krista Stanley, appeals the trial court's denial of her motion to set aside the dismissal of her action on the ground of abandonment. We find that the trial court erred in dismissing her suit with prejudice and in finding that her action was abandoned. Accordingly, we reverse the trial court's judgment and remand the matter to the trial court for further proceedings on the merits.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed at the Isle of Capri Casino on or about January 6, 2001, when she was allegedly injured in a fall after being bumped into by a casino patron. Based on this incident, Plaintiff filed a petition for damages on July 20, 2001, naming St. Charles Gaming Company d/b/a Isle of Capri Casino - Lake Charles as Defendant. Defendant answered the petition on August 10, 2001. Various discovery was exchanged between August and November of 2001. On May 26, 2005, Defendant filed an ex parte motion for entry of formal order of dismissal for abandonment. The parties agree that the last document entered into the record prior to the filing of this motion was an April 4, 2002 trial court order designating Defendant's corporate representative, requiring Defendant to provide requested documents, and scheduling three depositions. Defendant contends that, despite this order, no depositions were taken and no further discovery was conducted.

The trial court signed an order dismissing Plaintiff's suit **with prejudice** on June 1, 2005. We note that the original of this judgment does not appear in the record and that there is no documentation of service or notice of said judgment. On July 5, 2005, Plaintiff filed a motion to set aside the dismissal on the grounds that Defendant's payment of Plaintiff's medical expenses on December 12, 2003 was an acknowledgment that served to prevent the running of the three-year period for

1

abandonment, that there was additional discovery conducted after April 4, 2002, which should have been considered, and that the trial court lacked authority to enter a dismissal with prejudice. We agree that the payment of medical expenses by Defendant was an "acknowledgment" which resulted in the waiver of right to assert abandonment and the recommencement of the three-year abandonment period. Therefore, we reverse the trial court's judgment of dismissal.

## DISCUSSION

Louisiana Code of Civil Procedure Article 561, which governs abandonment of actions, provides in pertinent part:

> A. (1) An action, except as provided in Subparagraph (2) of his Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, . . .
>
> * * *
>
> (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
>
> (4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

We first address Defendant's argument that we are without jurisdiction to consider this appeal since Plaintiff failed to timely have the dismissal with prejudice overturned. The crux of Defendant's argument is that the dismissal was with prejudice and that Plaintiff waited until more than thirty days after the dismissal with prejudice was **signed** and then filed a motion to set aside the abandonment pursuant to art. 561, which Defendant alleges is the improper procedural vehicle since the

2

dismissal was with prejudice. Defendant maintains that Plaintiff should have filed a timely motion for new trial, a devolutive or suspensive appeal, or an action to annul the judgment.

While La.Code Civ.P. art. 561 is silent as to whether the dismissal is to be with or without prejudice, the jurisprudence has established that a trial court is without authority to dismiss an action with prejudice for failure to prosecute. *See Total Sulfide Services, Inc. v. Secorp Industries, Inc.*, 96-589 (La.App. 3 Cir. 12/11/96), 685 So.2d 514 and the cases cited therein. In this case, Plaintiff filed a motion to set aside the abandonment and, when that motion was denied, timely filed a petition for appeal with this court. We are aware that the denial of a motion to set aside the dismissal is an interlocutory judgment. *See Morrison v. Dillard Dept. Stores, Inc.*, 99-2060 (La.App. 1 Cir. 9/22/00), 769 So.2d 742, *writ denied*, 00-3379 (La. 2/2/01), 784 So.2d 646. However, we agree with *Morrison* that said motion is akin to a motion for new trial and that "the supreme court has directed us to consider denial of motions for new trial where it is clear that appellant meant to appeal the merits of the case decided by an earlier final judgment." *Id*. at 744 (citing *Reno v. Perkins Engines, Inc.*, 98-1686 (La.App. 1 Cir. 9/24/99), 754 So.2d 1032, *writ denied*, 99-3058 (La. 1/7/00), 752 So.2d 863). *Morrison* did not decide the issue of whether a similar rule for motions to set aside abandonments should be adopted because it found the motion to set aside was untimely. However, we adopt such a rule, and, instead of dismissing this appeal on jurisdictional grounds, we exercise our broad supervisory powers and review the trial court's ruling. La.Code Civ .P. art. 2164. Because the record is already before us, we decide that the interests of justice are best served by considering the matter now. Thus, we find Defendant's argument to be without merit and hold that the motion to set aside the abandonment was the proper procedural vehicle to

3

have this matter heard in the trial court and that we have jurisdiction to decide the merits of the dismissal for abandonment.

As to the issue of whether Plaintiff's motion was timely, we note that the original judgment does not appear in the record and that there is no documentation of service or notice of said judgment. Louisiana Code of Civil Procedure art. 561 is clear that "[a] motion to set aside a dismissal may be made only **within thirty days of the date of the sheriff's service of the order of dismissal**." (Emphasis added.) Defendant gives no date of service and simply notes that the motion to set aside was filed on July 5, 2005, more than thirty days after the order of dismissal was **signed** by the district court on June 1, 2005. Also, Defendant failed to object to the timeliness of the motion until the filing of its brief in this court. Defendant did not file an answer to appeal. Thus, we are prevented from considering this argument.

We must now decide whether the Defendant's payment of medical expenses prior to the filing of the motion for abandonment (and prior to the running of the abandonment period) constituted an acknowledgment which interrupted the period for abandonment. In *Lyons v. Dohman*, 07-53, p. 4 (La.App. 3 Cir. 5/30/07), 958 So.2d 771, 774: we noted:

> Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. *Bias v. Vincent*, 02-642 (La.App. 3 Cir. 12/11/02), 832 So.2d 1153, *writ denied*, 03-0112 (La.3/21/03), 840 So.2d 542. On the other hand, whether a particular act, if proven, precludes abandonment is a question of law which we review by simply determining whether the trial court's interpretative decision is correct. *Jackson v. BASF Corp.*, 04-2777 (La.App. 1 Cir. 11/4/05), 927 So.2d 412, *writ denied*, 05-2444 (La.3/24/06), 925 So.2d 1231; *Olavarrieta v. St. Pierre*, 04-1566 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, *writ denied*, 05-1557 (La.12/16/05), 917 So.2d 1118.

Abandonment is a species of prescription. *Johnson v. Calcasieu Parish Sheriff's Dept.*, 06-1179 (La.App. 3 Cir. 2/7/07), 951 So.2d 496. It is well settled

that prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La.Civ. Code art. 3464. Moreover the jurisprudence has developed that the only two categories of causes outside the record satisfy the jurisprudential exceptions to the abandonment rule:

> (1) a plaintiff-oriented exception, based upon *contra non valentem*, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and
> (2) a defense-oriented exception based upon acknowledgment that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with intent to treat the case as abandoned.

*Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 7 (La. 5/15/01), 785 So.2d 779, 784-85.

In *Clark*, State Farm made an unconditional tender of $3,000.00 to Clark under Clark's UM policy with State Farm. The supreme court concluded that this pre-abandonment unconditional tender, although made outside the record, was an acknowledgment and thus within the waiver exception such that the period for abandonment was interrupted and recommenced from the date of the tender. In *Clark*, 785 So.2d at 790-91, the court explained:

> The rule requiring that a party's action be on the record is designed to protect a defendant. The rule is intended to ensure notice to the defendant of actions taken that interrupt abandonment. The purpose underlying the rule is not present when, as here, it is the defendant taking action and doing so in defense of plaintiff's suit to avoid penalties and attorney's fees. Based on this rationale, we concluded earlier in this opinion that the remark in *Melancon* [*v. Continental Casualty Co.*, 307 So.2d 308 (La.1975)] precluding the consideration of conduct not on the record in determining if defendant's conduct constituted a waiver was mistaken. Repeating, we conclude that to the extent a defendant's conduct would amount to a waiver as an acknowledgment if taken after the abandonment period has elapsed, such pre-abandonment acknowledgment can also be established by evidence outside the record to be a waiver, which serves to recommence the abandonment period running anew.
>
> If the defendant's conduct in this case was simply informal settlement negotiations, as defendant contends and the court of appeal

concluded, then the waiver exception would not apply, and the general rule requiring formal action would apply.

The *Clark* court also noted that such a result was "consistent with the policy considerations underlying abandonment that require any doubt be construed in favor of maintaining plaintiff's action." *Id*. at 793.

In this case, Cambridge Integrated Services Group, Inc., the third party administrator for Defendant, made the following payments directly to Plaintiff's healthcare providers: (1) on October 2, 2003, $136.00 was paid for services rendered on June 27, 2003 and; (2) on November 18, 2003, $68.00 was paid for services rendered on October 17, 2003; (3) on December 3, 2003, $2,263.11 was paid for services rendered on September 23, 2001, October 8, 2001, October 9, 2001, January 22, 2002, April 16, 2002, July 12, 2002, August 20, 2002, and September 20, 2002; (4) on February 5, 2004, $68.00 was paid for services rendered on December 12, 2003. Defendant contends that it had a contractual obligation to provide cure payments to Plaintiff and such payments cannot prevent the accrual of the abandonment period because they are not an admission of liability. We agree with Plaintiff that due to the time delay of over two years for making payments, Defendant was attempting to avoid liability for attorney's fees and penalties which were a part of Plaintiff's claims for medical benefits. Thus, we adhere to the reasoning in *Clark* and find that Defendant's payments of medical bills constituted an acknowledgment that resulted in Defendant's waiver of the right to assert abandonment by taking actions inconsistent with intent to treat the case as abandoned. Thus, we reverse the trial court's judgment dismissing Plaintiff's suit.

### DECREE

For all of the foregoing reasons, we reverse the trial court's judgment of dismissal. The case is remanded to the trial court for further proceedings. Costs of

6

this appeal are assessed to Defendant-Appellee, St. Charles Gaming Company, Inc.

d/b/a Isle of Capri Casino - Lake Charles.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal.  Rule 2-16.3.