CALLOWAY, J.
Un this suit for damages arising from a dispute regarding Towing and Recovery Professionals of Louisiana Trust’s (“TRPLT”) engagement of Denham Holdings, L.L.C., d/b/a Performance Insurance Services (“Performance”) to provide insurance agency services to the TRPLT, the plaintiff (“UCT” later identified in more detail) appeals a judgment of the trial court sustaining a peremptory exception raising the objection of peremption and dismissing the plaintiffs claims, with prejudice. Based on the following, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
Bankruptcy and Federal District Court Proceedings
The TRPLT was formed in 2003 as an alternative to traditional liability insurance, providing a means by which professional towing, automobile liability, in town on-hook towing, physical damage, and other public liability claims or judgment arising therefrom against participating members of the sponsoring association, the TRPLT, could be paid or settled. The TRPLT was funded through premiums paid by its participants and was managed by its Board of Trustees in accordance with the terms and conditions of the TRPLT Trust Agreement. The TRPLT contracted with Performance to serye as the exclusive “servicing agent” for the TRPLT in soliciting, selling, renewing, and negotiating indemnity coverage for the TRPLT. Performance executed its duties as “servicing agent” through May 2010.
The TRPLT voluntarily filed for Chapter 11 bankruptcy on May 17, 2010, in United States Bankruptcy Court for the Middle District of Louisiana. A reorganization plan for liquidating its assets was approved and a confirmation order was signed on February 28, 2011, effective March 15, 2011. The reorganization plan provided for ,the creation of the TRPLT Unsecured Creditor’s Trust, and Frank McGee was appointed as Trustee (collectively, “UCT”).
Shortly before the reorganization plan was confirmed, the TRPLT filed a separate adversary proceeding against Performance on February 25, 2011, in the bankruptcy court. See Towing and Recovery Professionals of Louisiana Trust, et al. v. Denham, Holdings, LLC, d/b/a Performance Insurance Services, et al., Case No. 11-740 (M.D. La.). The TRPLT also filed an adversary proceeding against Lu-den Burkett, the Executive Director of the TRPLT. That matter was consolidated with the adversary proceeding against Performance; however, the Burkett case is not at issue in this appeal. See Towing and Recovery Professionals of Louisiana Trust, et al. v. Lucien Burkett, Case No. 11-732 (M.D. La.). The adversary actions involved state law claims for breach of fiduciary and contractual duties and claims for excess and unauthorized payments allegedly made, to Performance, Burkett, and the insurance broker, British-American Insurance Group Ltd. (hereinafter, “BAIG”).[2] The parties agreed the reference to the bankruptcy court should be withdrawn in the wake of the United States Supreme Court’s opinion in Stern v. *12 Marshall;[3] accordingly, the bankruptcy court ordered the reference withdrawn, and the adversary proceedings moved from the bankruptcy court to the federal district court.
Thereafter, Performance and Burkett sought to have the proceedings dismissed due to lack of subject matter jurisdiction or, alternatively, to have the federal district court invoke an abstention. In a “Ruling and Order” signed on October 16, 2012 (hereinafter “Abstention Order”), the federal district court expressly stated that it had jurisdiction over the claims brought by the TRPLT against Performance and Burkett in the adversary proceedings, despite the fact that some of the claims “arise under bankruptcy law.” The court denied Performance and Burkett’s motions to dismiss for lack of subject matter jurisdiction.
Also in the Abstention Order, the federal district court stated that it would “permissively abstain from all of the claims [brought by the TRPLT in the adversary proceedings] except those made in Counts VI and VII (to recover avoidable transfers made to Burkett...).” As to the other claims, the court referenced a class action pending in Louisiana state court—Roadrunners Towing and Recovery, Inc., etc. v. Lucien Burkett, et al., Suit No. 595,-553, filed in 2010 in the Nineteenth Judicial District Court on behalf of the members of the TRPLT against Burkett and trastees of the TRPLT, seeking damages for negligence and breach of fiduciary duties, including refund of premiums and return of any profits. Neither the TRPLT, the UCT, nor Performance were parties to the class action. In the Abstention Order, the federal district court found that “the state court action was brought prior to these proceedings,” and that “the claims in both forums involve[d] state law issues which essentially stem from the same operative facts.... ” The court further stated that “all of the parties are either involved in the state court proceedings or they can be made party to those proceedings,” noting “the only forum that can effectively entertain all of these claims is the state court,” and that “there is a strong possibility of inconsistent results should the matters proceed in separate forums.” Accordingly, the federal district court granted the motions to abstain filed by' Performance and Burkett as to “all claims other than Counts VI and VII” in the Burkett proceeding, Case No. 11-732, which the court stayed, pending resolution of the state court proceedings.
Thereafter, the federal district court signed an order on May 15, 2013, administratively terminating the matter, stating “this case has been stayed until the state court proceedings have been resolved” (hereinafter, “Administrative Closure Order”). The Administrative Closure Order expressly stated “[t]his order shall not be considered a dismissal or disposition of this matter, and should further proceedings in it become necessary or desirable, any party may initiate it in the same matter as if this order had not been entered.” State District Court Proceedings
On September 25, 2013, the UCT filed a petition for damages in Louisiana state court against Performance, its insurer, Catlin Specialty Insurance Company (hereinafter, “Catlin”), and its sole members/owners, Debra LaLa and Charles *13 Burkett. The suit, filed in the Nineteenth Judicial District Court, asserted nearly identical claims against Performance as were alleged in the adversary action in federal district court by the UCT’s predecessor in interest, the TRPLT.
|fiCatlin filed a motion for summary judgment on April 14, 2014, arguing that the UCT’s claims were excluded from the errors and omissions coverage provided by Catlin to Performance. Following a hearing, the trial court denied Catlin’s motion.
Thereafter, Catlin filed a peremptory exception raising peremption or, alternatively, a motion for summary judgment.[4] Catlin argued that the UCT’s claims were extinguished through peremption because the UCT failed to commence its state court action within the peremptive period set forth in La. R.S. 9:5606. Following a hearing, the trial court sustained the peremption objection in a judgment signed on November 17, 2015, and dismissed the UCT’s claims with prejudice. The UCT then filed a motion for new trial, which the trial court denied in a judgment signed on February 1, 2016.
The UCT moved for a devolutive appeal from the judgment denying the motion for new trial. Catlin filed a motion to dismiss the appeal with this court. In an order signed on September 22, 2016, this court maintained the appeal, but reserved a final determination as to whether the appeal was to be maintained to the panel to which the appeal was assigned.
JURISDICTION
Appellate courts have a duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc., 2011-0520 (La. App. 1 Cir. 11/9/11), 79 So.3d 1054, 1059, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698. Our appellate jurisdiction extends to “final judgments.” See La. C.C.P. art. 2083. A judgment must be precise, definite, and certain. Laird v. St. Tammany Parish Safe Harbor, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365. Moreover, a final appealable judgment must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. See Carter v. Williamson Eye Center, 2001-2016 (La.App. 1 Cir. 11/27/02), 837 So.2d 43, 44. These determinations should be evident from the | language of the judgment without reference to other documents in the record. Laird, 836 So.2d at 366. In relevant part, a final appealable judgment “must contain appropriate decretal language disposing of or dismissing claims in the case.” State in Interest of J.C., 2016-0138 (La.App. 1 Cir. 6/3/16), 196 So.3d 102, 107.
As an appellate court, we are obligated to recognize any lack of jurisdiction if it exists. This court’s appellate jurisdiction extends to “final judgments,” which are those that determine the merits in whole or in part. La. C.C.P. arts. 1841 and 2083; see Van ex rel. White v. Davis, 2000-0206 (La.App. 1 Cir. 2/16/01), 808 So.2d 478, 483. However, a judgment that only partially determines the merits of an action is a partial final judgment and, as such, is immediately appealable only if authorized by La. C.C.P. art. 1915. Rhodes v. Lewis, 2001-1989 (La. 5/14/02), 817 So.2d 64, 66.
*14 The UCT appealed only the judgment rendered February 1, 2016, which was the judgment denying its motion for a new trial. The denial of a motion for new trial is not an appealable judgment absent a showing of irreparable harm. Morrison v. Dillard Dept. Stores, Inc., 99-2060 (La. App. 1 Cir. 9/22/00), 769 So.2d 742, 744, writ denied, 2000-3379 (La. 2/2/01), 784 So.2d 646. However, the supreme court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant’s brief that he intended to appeal the merits of the case. See Reno v. Perkins Engines, Inc., 98-1686 (La.App. 1 Cir. 9/24/99), 754 So.2d 1032, 1033, writ denied, 99-3058 (La. 1/7/00), 752 So.2d 863; Smith v. Hartford Acc. & Indem. Co., 254 La. 341, 348-49, 223 So.2d 826, 828-29 (1969); Fruehauf Trailer Co. v. Baillio, 252 La. 181, 190, 210 So.2d 312, 315 (1968). It is obvious from the UCT’s brief that it intended to appeal the November 17, 2015 judgment sustaining the peremption objection and dismissing its claims with prejudice. Thus, we will treat the appeal accordingly. See State ex rel. Div. of Admin., Office of Risk Management v. National Union Fire Ins. Co. of Louisiana, 2013-0375 (La.App. 1 Cir. 1/8/14), 146 So.3d 556, 561 n.8. Based on the foregoing, Catlin’s motion to dismiss is denied, and the appeal is maintained.
| .STANDARD OF REVIEW
Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458. Peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461. The objection of per-emption is raised by the peremptory exception. La. C.C.P. art. 927(A)(2).
Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if peremption is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not perempted. Satterfield & Pontikes Construction, Inc. v. Breazeale, Sachse & Wilson, LLP, et al., 2015-1355 (La.App. 1 Cir. 1/10/17), 212 So.3d 554, -, 2017 WL 105953.
At a hearing on a peremptory exception of peremption pleaded prior to trial, evidence may be introduced to support or controvert the exception. La. C.C.P. art. 931. If evidence is introduced at the hearing, the district court’s findings of fact are reviewed under the manifest error-clearly wrong standard of review. Accordingly, if those findings are reasonable in light of the record reviewed in its entirety, an appellate court cannot reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Satterfield, 212 So.3d at 559-60, 2017 WL 105953.
In the absence of evidence, an exception of peremption must be decided based upon the facts alleged in the petition with all of the allegations accepted as true. Atain Speciality Ins. Co. v. Premier Performance Marine, LLC, 2015-1128 (La. App. 1 Cir. 4/8/16), 193 So.3d 187, 190. If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court’s role is to determine whether the trial court’s ruling was legally correct. Atain, 193 So.3d at 190.
[sLAW
The time limit for filing an action for damages against an insurance agent, broker, solicitor, or other similar licensee is set forth in La. R.S. 9:5606(A), which provides that such actions must be filed in a court of competent jurisdiction and proper *15 venue within one year of the date of the act, omission, or neglect, or within one year of the date of discovering the act, omission, or neglect and within three years of the date of the act, omission, or neglect. Louisiana Revised Statutes 9:5606(D) further provides that both the one-year and three-year periods of limitation provided in Subsection A are peremptive periods within the meaning of La. C.C. art. 3458, and in accordance with La. C.C. art. 3461, cannot be renounced, interrupted, or suspended. Klein v. American Life & Cas. Co., 2001-2336 (La.App. 1 Cir. 6/27/03), 858 So.2d 527, 530, writs denied, 2003-2073, 2003-2101 (La. 11/7/03), 857 So.2d 497, 499. Official Revision Comment (c) to Article 3461 states that while peremption may not be interrupted or suspended, “when an action asserting a right subject to peremption has been commenced or served as provided in Article 3462, the right has been exercised and so long as the action is pending the lapse of the period of peremption does not extinguish the right.”[5]
DISCUSSION
On appeal, the UCT argues the trial court: (i) erred in granting Catlin’s objection of peremption, and (ii) erred in dismissing the UCT’s claims with prejudice in lieu of entering a dismissal without prejudice. The UCT argues its claims are still pending in federal district court, which bars a finding of peremption in state court. Pursuant to La. R.S. 9:5606, the UCT’s predecessor in interest, the TRPLT, timely asserted its claims against Performance, Catliris insured, in a court of competent jurisdiction and proper venue through the filing of the federal court adversary proceeding on February 25, 2011. The federal district court permissively abstained from hearing the claims of the UCT later filed in state court; however, the federal district court did not dismiss any of the UCT’s claims in the Abstention Order. The UCT argues that the state court erred in likening the | Abstention Order to an order of dismissal, especially since the federal district court expressly stated in the Abstention Order, “(t]his order shall not be considered a dismissal or disposition of this matter.” Once the federal adversary proceeding was administratively closed, the UCT argues its claims were stayed and remain pending before the federal district court to this day. Accordingly, the UCT argues that it timely filed suit against Performance in state court on September 25, 2013, well within the peremptive periods provided for in La. R.S. 9:5606; therefore, the UCT’s claims were not extinguished through peremption.
In opposition, Catlin argues that when the federal district court permissively abstained from hearing the UCT’s claims against Performance, the federal district court relinquished its jurisdiction over those claims in the Abstention Order, retaining jurisdiction only over the claims against Burkett. Thus, at the time the Administrative Closure Order was issued, Catlin argues the only claims that remained pending in federal court were the bankruptcy claims filed by the UCT against Burkett. Catlin argues there is no authority for the proposition that a former federal suit, over which the federal district court has relinquished jurisdiction, can interrupt, suspend, or otherwise affect the peremptive period provided for in La. R.S. 9:5606. Thus, Catlin argues the last day the UCT could have commenced its state court action before its claims were extinguished through peremption pursuant to *16 La. R.S. 9:5606 was either February 25, 2012 (one year from the filing of the UCT’s initial federal court suit against Performance), or May 17, 2013 (three years from the filing of the TRPLT’s bankruptcy case in federal bankruptcy court).
It is undisputed that the UCT’s claims against Performance were timely filed in the federal court adversary proceeding on February 25, 2011, and there is no dispute that the UCT’s claims in the state court action are the same, if not substantially the same, as those asserted in the federal court adversary proceeding. Furthermore, venue was likewise proper in the federal district court. See 28 U.S.C § 1409(a). The threshold issue for this court’s consideration in order to determine whether the UCT’s claims filed in state court on September 25, 2013 were filed in a court of competent jurisdiction and Improper venue and within the peremptive periods provided for in La. R.S. 9:5606(A), is what effect the pendency, of the UCT’s claims in federal district court had on the same claims filed in state court, if any. We must therefore examine the federal district court’s Abstention Order and Administrative Closure Order.
The subject matter jurisdiction of federal district courts and bankruptcy judges is conferred by 28 U.S.C. § 1334. Section 1334(a) grants original and exclusive jurisdiction over “all cases under title 11” except as provided in Subsection (b). Section 1334(b) grants original, but not exclusive, jurisdiction “of all proceedings arising under title 11, or arising in or related to cases under title 11.” Section 1334(c)(1) authorizes permissive abstention, while Section 1334(c)(2) authorizes mandatory abstention. The court in which a case under title 11 is commenced or is pending has exclusive jurisdiction over all claims or causes of action that involve title 11. See 28 U.S.C. § 1334(e)(2).
Under the permissive abstention doctrine, 28 U.S.C. § 1334(c)(1), federal district courts have broad discretion to abstain from exercising subject matter jurisdiction over state law claims “arising under” or “arising in or related to a case under title 11” whenever appropriate in the interest of justice, or in the interest of comity with state courts or respect for state law.[6] In re Gober, 100 F.3d 1195, 1206 (5th Cir. 1996). Courts look to the following factors to determine whether to exercise permissive abstention: (1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case; (7) the substance rather than the form of an asserted “core” proceeding; |n(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the *17 bankruptcy court’s docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to jury trial; (12) the presence in the proceeding of non-debtor parties; (IB) comity; and (14) the possibility of prejudice to other parties in the action. In re Phoenix Diversified Inv. Corp., 439 B.R. 231, 245-46 (Bankr. S.D. Fla. 2010).
In the Abstention Order, the federal district court expressly stated, “the court finds that it has jurisdiction” without specifically referring to the claims against Performance or the claims against Burk-ett. The court then stated that it “will permissively abstain from all of the claims except those made in Counts VI and VII,” ie., the Burkett claims. As to the claims against Performance, the court explained its permissive abstention, stating:
[T]he state court action was brought prior to these proceedings; the claims in both forums involve state law issues which essentially stem from the same operative facts; all of the parties are either involved in the state court proceedings or they can be made party to those proceedings; the only forum that can effectively entertain all of these claims is the state court; and there is a strong possibility of inconsistent results should the matters proceed in separate forums. Additionally, the state law issues predominate and there is a jury demand in state court action.
Administrative closure is a procedural device used to remove from a court’s pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court’s docket; ie., administratively closed cases are not counted as active.” See Mire v. Full Spectrum Lending Inc., 389 F.3d 163, 166 (5th Cir. 2004).
In the Administrative Closure Order, the federal district court stated, “[c]onsidering that this case has been stayed until the state court proceedings have been resolved,” the court ordered the administrative termination of the actions without prejudice to the right of the parties to reopen the proceedings. Then court then expressly stated, “[t]his order shall not be considered a dismissal or disposition of this matter, and |12should further proceedings in it become necessary or desirable, any party may initiate it in the same manner as if this order had not been entered.”
There is nothing in the record or applicable law that supports the argument that when a federal district court abstains from exercising jurisdiction over certain claims the court relinquishes jurisdiction over those claims, absent an order of dismissal. When an actual controversy is before a federal district court, the court must decide whether the dispute should be decided, stayed, or dismissed. Montpelier U.S. Ins. Co. v. Henry, Case No. 6:13-CV-00773, 2014 WL 1713407, at *4 (W.D. La. Apr. 29, 2014). When deciding whether to abstain from exercising jurisdiction, or postponing the exercise of jurisdiction, the United States Supreme Court has indicated that a stay is a preferable choice because it assures that the federal action can proceed without risk of a time bar. Wilton v. Seven Falls Co., 515 U.S. 277, 288, 115 S. Ct. 2137, 2143, 132 L.Ed. 2d 214 (1995); see also Montpelier, 2014 WL 1713407, at *4; Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 96 S. Ct. 1236, 1244, 47 L.Ed. 2d 483 (1976). Thus, if a federal district court is not deciding a matter before it, or is not *18 staying a matter based on the abstention doctrine, the only other option would be for the court to dismiss the case. In this matter, the federal district court did not dismiss any of the UCT’s claims against Performance. The federal .district court expressly indicated its intent that the Administrative Closure Order was not a dismissal or disposition of the case. Although the federal district court, in its discretion, permissively abstained from exercising jurisdiction over the UCT’s claims against Performance, the abstention does not operate as a relinquishment of its jurisdiction over those claims.
Therefore, under La. R.S. 9:5606(A), the UCT’s action for damages involving state law claims for breach of fiduciary and contractual duties and claims for excess and unauthorized payments, was filed in a court of competent jurisdiction and proper venue within the peremptive periods provided for in La. R.S. 9:5606(A). We hold that the trial court erred in sustaining Catlin’s peremptory exception raising the objection of peremption and dismissing the UCT’s claims with prejudice. We therefore reverse the | ^November 17, 2015 judgment of the trial court and remand the matter for further proceedings consistent herewith.
DECREE
Catlin Specialty Insurance Company’s motion to dismiss the appeal is denied, and the appeal is maintained. The November 17, 2015 judgment of the trial court sustaining Catlin Specialty Insurance Company’s peremptory exception raising the objection of peremption and dismissing the UCT’s claims with prejudice is hereby reversed. The case is remanded to the trial court for further proceedings . consistent herewith. All costs of the appeal are cast to the appellee, Catlin Specialty Insurance Company.
MOTION TO DISMISS DENIED, APPEAL MAINTAINED; REVERSED AND REMANDED.

. BAIG was the insurance broker responsible for obtaining reinsurance for the TRPLT on a surplus line basis through AON Benfield.

. Stern v. Marshall, 564 U.S. 462, 131 S.Ct 2594, 180 L.Ed.2d 475 (2011) (wherein the Supreme Court questioned the authority of bankruptcy courts (Article I courts) to adjudicate certain matters relegated solely to Article III courts holding, “Congress may not bypass Article III simply because a proceeding may have some bearing on a bankruptcy case.” 564 U.S. at 500, 131 S.Ct. at 2618.).

. Catlin, as the insurer, and alleged solidary obligor, of Performance, may raise any defense available to Performance that is not personal to Performance, including the objection of peremption. See La. C.C. art. 1801 and OXY USA Inc. v. Quintana Prod. Co., 2011-0047 (La.App. 1 Cir. 10/19/11), 79 So.3d 366, 377-79, writ denied, 2012-0024 (La. 3/2/12), 84 So.3d 536.

. We note that statements contained in the official comments are not part of the statute, and are not binding on this court, although we do not discount them entirely. Terrebonne Par. Sch. Bd. v. Castex Energy, Inc., 2004-0968 (La. 1/19/05), 893 So. 2d 789, 797.

. Under the mandatory abstention doctrine, 28 U.S.C. § 1334(c)(2), the court must abstain over non-core, state law claims "related to” a case under title 11, when there is a state court action where the claims can be adjudicated timely. Mandatory abstention applies when there is no independent basis for jurisdiction; the claims are non-core; the state court action encompasses the claims and it can adjudicate these matters timely. In re Gober, 100 F.3d at 1206. No party has suggested that the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) apply. Therefore, our abstention analysis focuses solely on permissive abstention under Section 1334(c)(1).